[Cite as *State v. Berecz*, 2010-Ohio-5855.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No: 10CA12 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| Jason A. Berecz, | : | |
| | | **Released 11/24/10** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Chandra L. Ontko, Cambridge, Ohio, for appellant, Jason A. Berecz.

James E. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for appellee, State of Ohio.

_____

Harsha, J.

**{¶1}** This appeal addresses the appropriate procedure for resentencing a defendant whose original sentence failed to comply with statutory mandates concerning post-release control. The state convicted Jason Berecz of attempted murder in 2008. He appealed and we affirmed his conviction in part and reversed in part, holding that the trial court made one error in sentencing. On remand, the trial court corrected that error. It also used the remand hearing to inform Berecz that he would be subject to a mandatory term of postrelease control upon his eventual release from prison, which it failed to do at his original sentencing.

**{¶2}** Berecz contends that the court did not properly inform him of postrelease control at his original sentencing and thus, his sentence was "void," entitling him to a de novo sentencing hearing. We disagree. Sentences imposed after July 10, 2006

that lack proper notification of postrelease control are amenable to the corrective

procedures set forth in R.C. 2929.191 and are not "void" sentences.  Thus, Berecz's

sentence was not void and he was not entitled to a de novo sentencing hearing.

I.  Statement of Facts

**{¶3}**   A grand jury indicted Berecz for a litany of crimes after he shot at and

nearly killed a police officer and two innocent passersby.  A jury found him guilty of

thirteen felony and misdemeanor counts, including a charge of attempted murder with a

firearm specification and a peace officer specification.  The court sentenced Berecz to

38 years in jail.  That sentence included a ten year term for the attempted murder count,

as well as consecutive terms of three and seven years for the firearm and peace officer

specifications, respectively.

**{¶4}**   Berecz appealed and we affirmed his conviction in part and reversed it in

part.  See *State v. Berecz*, Washington App. No. 08CA48, 2010-Ohio-285.  Specifically,

we held that the trial court erred in sentencing Berecz to prison terms for both the

firearm specification and the peace officer specification.  We determined that the felony

sentencing code permitted the imposition of a sentence for one specification, but not

both.  Id. at ¶60-64.  Accordingly, we remanded the case for resentencing.

**{¶5}**   The court held a remand hearing and corrected the sentence, imposing a

prison term for the peace officer specification but not the firearm specification.  This

reduced Berecz's aggregate sentence to 35 years.  The court also informed Berecz

orally and through the subsequent sentencing entry that he would be subject to

mandatory postrelease control.  Berecz's earlier sentencing entry incorrectly indicated

that he "may" be subject to postrelease control. Neither party brought this error to our attention in Berecz's first appeal.

{¶6}   At the conclusion of the hearing, the court asked Berecz's counsel if he wished to make an objection. Berecz's counsel stated, "I'd obviously like a lot less sentence than he's getting[.]" The court replied that it did not have the authority to revise the sentence but was limited to what we ordered on remand.

{¶7}   Berecz thereafter filed a timely appeal.

## II. Assignment of Error

{¶8}   Berecz assigns a single error for our review:

{¶9}   1. THE DEFENDANT ALLEGES THAT THE TRIAL COURT'S FAILURE TO USE THE SPECIFIC WORD "MANDATORY" IN EXPLAINING TO THE DEFENDANT THE CONSEQUENCE OF POST RELEASE CONTROL MADE HIS ORIGINAL SENTENCE VOID.[1]

## III. Effect on Sentence of Failure to Notify
### Defendant of Mandatory Post-Release Control

{¶10}   In his sole assignment of error, Berecz argues that he was entitled to a de novo sentencing hearing after our remand because the trial court failed to properly notify him in its original sentencing entry of mandatory post-release control upon his release from prison. Berecz cites *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, for the following proposition: a court must vacate and hold a new sentencing hearing for a defendant who was not properly notified of postrelease control at his original sentencing.

---

[1] The state refers to Appellant's brief as an "*Anders*" brief. See *Anders v. California* (1967), 386 U.S. 738, 744, 87 S.Ct. 1396. Although the phrasing of the assignment of error is somewhat typical of one seen in an *Anders* brief, appellate counsel did not follow the *Anders* procedure, nor do we consider it to be an *Anders* application.

{¶11}  The state argues that the Supreme Court of Ohio approved the same postrelease control notification procedure used by the trial court here in *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.  The state further argues that the court followed R.C. 2929.191 and *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, in correcting the sentence and informing Berecz of postrelease control sanctions.

{¶12}  In *Jordan*, supra, the Supreme Court of Ohio held that "[w]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence."  Id. at paragraph one of the syllabus.  Later, in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, the Court held that an offender is entitled to a de novo resentencing hearing when a trial court fails to notify the offender of postrelease control.  Essentially, when a trial court fails to inform the defendant of postrelease control, it has imposed a sentence that is contrary to law, and the sentence is void.  Id. at ¶12.  And when a sentence is "void," it is as if there had been no sentencing hearing at all and the judgment is a "nullity." Id.

{¶13}  However, in 2006 the Ohio General Assembly passed R.C. 2929.191.  That statute, enacted as part of H.B. 137, and made effective July 11, 2006, established a procedure permitting trial courts to "correct" sentences that are deficient for failing to notify the offender about postrelease control.

{¶14}   The Supreme Court of Ohio held that R.C. 2929.191 is applicable to offenders sentenced after July 10, 2006, and not yet released from prison who (1) did not receive notice at the sentencing hearing that they would be subject to postrelease

control; (2) did not receive notice that the parole board could impose a prison term for a violation of postrelease control; or (3) did not receive both of these notices incorporated into their sentencing entries. *Singleton* at ¶23.

{¶15} The Court also addressed the prospective and retrospective effect of R.C. 2929.191. It held that "1. For criminal sentences imposed prior to July 11, 2006 [the effective date of the statute], in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio. 2. For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." Id. at paragraphs one and two of the syllabus.

{¶16} The *Singleton* Court impliedly held that sentences imposed after July 10, 2006, which were deficient for lack of proper notification of postrelease control, are not "void" sentences. But sentences lacking the postrelease control notification and imposed prior to the effective date of R.C. 2929.191 would be reviewed under the Court's prior line of cases, i.e., those sentences are "void" and require the court to engage in a de novo resentencing.

{¶17} Here, the court originally sentenced Berecz in November 2008 and then resentenced him in March 2010. Under *Singleton*, the failure to include the word "mandatory" in the judgment entry stemming from the original sentencing did not make that sentence void. In addition, because Berecz remains incarcerated, the court could use the corrective procedures set forth in R.C. 2929.191 at the remand hearing to properly inform him of postrelease control.

**{¶18}** Consequently, this assignment of error is meritless.

### IV. Conclusion

**{¶19}** Thus, we overrule Berecz's sole assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
     William H. Harsha, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**