[Cite as *State v. Berecz*, 2018-Ohio-2613.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA5 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| JASON A. BERECZ, | : | |
| | | RELEASED: 06/11/2018 |
| Defendant-Appellant. | : | |

Harsha, J.

{¶1}    Jason A. Berecz appeals from an entry denying his "Motion to Memorialize Judgment." Because it appeared that the entry is not a final appealable order we ordered Berecz to address the jurisdictional issue. Berecz responded and contended that "the inferior court continually issues judgments that are inimical to the legislature" and asked that we compel the trial court to issue a valid final appealable order. After reviewing Berecz's response, the procedural history and the relevant law, we sua sponte **DISMISS** this appeal because the entry appealed from is not a final, appealable order.

I. Procedural History

{¶2}    The Washington County Grand Jury indicted Berecz on 17 counts stemming from an incident in which he shot at and nearly killed a police officer, who was responding to a report of a domestic disturbance at his home, and two persons who were driving by his home.  A jury convicted Berecz of attempted murder and several other crimes. He received a lengthy prison sentence in November 2008.   Berecz appealed his conviction and sentence and we affirmed in part, reversed in part, and remanded for resentencing. *State v. Berecz*, 4th Dist. Washington No. 08CA48, 2010-Ohio-285, ¶ 60-64, 66, 74.

{¶3}   Berecz appealed the 2010 resentencing and we affirmed the trial court's resentencing entry.  *State v. Berecz*, 4th Dist. Washington No. 10CA12, 2010-Ohio-5855.

{¶4}   Berecz has since filed a number of motions. In 2012, Berecz filed an unsuccessful pro se motion for fact finding and to merge allied offenses. In 2015, Berecz filed a pro se "motion to correct void sentence," claiming that the trial court failed to properly dispose of certain of the charges.  After Berecz appealed the denial of his motion, we denied his motion for delayed appeal and dismissed the appeal as untimely, noting that his sentence "has been reviewed twice already by this Court," that he could have raised his claims in his direct appeal, and that most sentencing errors are barred by res judicata when they could have been raised on direct appeal.  *State v. Berecz*, 4th Dist. Washington No. 15CA36 (Nov. 13, 2015). In April 2016, Berecz filed a pro se "verified motion to correct sentence," arguing that his sentence was void because the trial court's original and amended sentencing entries failed to notify him of his right to appeal his sentence, and failed to include the statutorily required language to impose consecutive and mandatory sentences.  We held that his nonconstitutional sentencing claims were barred by res judicata and that the trial court lack jurisdiction over his constitutional claims as those constituted a time-barred petition for postconviction relief.  *State v. Berecz*, 4th Dist. Washington No. 16CA15, 2017-Ohio-266.

## II. Legal Analysis

{¶5}   The trial court's entry denying Berecz's motion to memorialize judgment is not a final appealable order. Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final appealable order is one that affects a "substantial

right" and either determines the action or is entered in a special proceeding. R.C. 2505.02(B)(1) & (2). If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. *State v. Spencer*, 4th Dist. Lawrence No. 15CA3681, 2015-Ohio-1445, ¶ 3, citing *Production Credit Assn. v. Hedges*, 87 Ohio App.3d 207, 210 at fn. 2 (4th Dist.1993) and *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501 (4th Dist.1992).

{¶6}    In *State v. Lemaster*, 4th Dist. No. 02CA20, 2003–Ohio–4557, we held that an order denying the defendant's motion "to correct and/or modify sentence" was not a final appealable order. We noted that, "[a] final appealable order includes an order which amounts to a disposition of the cause and which affects a substantial right in an action which in effect determines the action and prevents a judgment." *Id.* (internal quotations omitted). We further stated that:

> [The defendant] is asking us to review his sentence by reviewing the trial court's denial of his motion. However, the trial court's denial of this motion did not affect [the defendant's] substantial rights and determine the action. If [the defendant's] substantial rights were in fact ever violated, the violation occurred at the trial court's order of conviction and sentencing. He should have raised all arguments concerning his sentence on his direct appeal to this Court from the trial court's imposition of sentence. He failed to do so.

*Id.* at ¶ 25. As a result, we dismissed the appeal for lack of a final appealable order.

{¶7}    In *State v. Kaiser*, 4th Dist. No. 10CA1, 2010–Ohio–4616, we followed our holding in *Lemaster* and reached the same result. *Id.* at ¶ 22. (defendant did not have a substantial right to a modification of a previously imposed sentence). We also noted that several other courts have likewise concluded that a motion to correct, modify or reconsider a sentence that is merely attempting to attack the original conviction or sentence is not a final appealable order. *Id.* at ¶ 21, citing *State v. Senk*, 8th Dist. No.

88524, 2007–Ohio–3414, at ¶ 18 ("it is evident that [the defendant] is attempting to attack his sentence collaterally by appealing the trial court's denial of his motion to correct sentence. We conclude that the judgment of the trial court, which [the defendant] is appealing, is not a final appealable order."); *State v. Vanelli*, 9th Dist. No. 02CA66, 2003–Ohio–2717, at ¶ 9 ("The November 15, 2001 judgment entry was final and appealable, yet Appellant failed to timely appeal from that order. Appellant has filed a notice of appeal from a judgment on a motion to reconsider. Such a judgment is a nullity and is not a final, appealable order."); *State v. Tully,* 5th Dist. No.2001CA313, 2002–Ohio–1290 (finding that appellant's substantial rights were not affected because "[n]othering changed by virtue of the [trial court's] order"); *State v. Arnett*, 3rd Dist. No. 17–95–25, 1996 WL 106999 (Feb. 22, 1996)(finding that the trial court's denial of a motion to modify sentence was not a final appealable order); *State v. Shinkle,* 27 Ohio App.3d 54, 55 (12th Dist.1986)("For purposes of appeal in a criminal case, a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence.").

{¶8}    Here Berecz's "Motion to Memorialized Judgment" contended that the 2010 resentencing entry did not comply with the post-release control statute or with Crim.R. 32(C). He asked the trial court to correct the entry and to memorialize it in one single document so that it would comply with the statute and rule. The trial court denied the motion on the ground that it was both nonsensical and barred by res judicata. *State v. Berecz*, Washington C.P. No. 8CR175 (March 21, 2018).

{¶9}    The trial court was without authority to review the merits of the motion because Berecz neither contended that his sentence is void, nor did he seek a successive petition for postconviction relief under R.C. 2953.23. Thus, the trial court

lacked jurisdiction to substantively modify or reconsider the 2010 resentencing entry and any attempt to do so would have been a nullity. *See State v. Spencer,* 4th Dist. Scioto No. 15CA3681, 2015-Ohio-1445, ¶ 13 (Harsha, J., concurring) ("In essence, the trial court had no jurisdiction to do anything but deny the motion."); *State v. Simin,* 9th Dist. No 25309, 2011-Ohio-3198, ¶ 10 (trial court loses jurisdiction to substantively modify final judgment and any attempt to do so would be a nullity).

**{¶10}** The trial court's denial of Berecz's motion did not affect Berecz's substantial rights and determine the action. The trial court lacked jurisdiction to substantively modify its resentencing entry.  If Berecz's rights were in fact ever violated, the violation occurred at the trial court's 2010 resentencing. He should have raised all arguments concerning his sentence on his direct appeal to this court of the trial court's resentencing order.

III.    Conclusion

**{¶11}** The trial court entry is not a final appealable order. We lack jurisdiction over the appeal.  **APPEAL DISMISSED. COSTS TO APPELLANT. SO ORDERED.**

Abele, J. & McFarland, J.:  Concur.

For the Court

BY:    _____
            William H. Harsha
            Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**