DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Steven Nicholas, appeals from the judgment of the Summit County Court of Common Pleas which denied his motion to enforce settlement. This Court affirms.
 I. {¶ 2} Appellee, Dellagnese Construction Company, sued appellant for fraud in September of 1999. On the day of trial, January 14, 2002, the parties reached a settlement agreement. The terms of the parties' settlement were discussed orally before the trial court and later journalized. In its journal entry, the trial court reserved jurisdiction over the enforcement of the agreement. Additionally, the parties entered into a separately executed settlement agreement.
 {¶ 3} Pursuant to the settlement agreement, appellant paid appellee an initial $10,000. Appellant also agreed to pay appellee one-half of the equity interest in his home within five years of the agreement. It is undisputed that appellant paid the initial $10,000. A few years later, appellant tendered a check to appellee which he represented was one-half of his equity interest in the home. Appellee refused the check, asserting that the amount tendered by appellant was not in compliance with the parties' settlement agreement. As a result, on February 24, 2005, appellant filed a motion to enforce the parties' settlement agreement.
 {¶ 4} The trial court denied appellant's motion to enforce the settlement agreement on October 6, 2005. In its entry, the trial court noted that the parties had not stated in their agreement that appellee "was to collect the value of the equity as of January 2002." As such, the trial court found that appellant had not complied with the agreement and denied his motion. Appellant timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE COURT ERRED IN DENYING STEVEN NICHOLAS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT THAT WAS SIGNED BY BOTH PARTIES AND JOURNALIZED BY A DISMISSAL ENTRY OF THE TRIAL COURT."
 {¶ 5} In his sole assignment of error, appellant contends that the trial court erred when it failed to enforce the parties' settlement agreement. This Court disagrees.
 {¶ 6} The instant matter involves the trial court's ruling on a motion to enforce a settlement agreement. "[B]ecause the issue is a question of contract law, Ohio appellate courts must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law." ContinentalWest Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.
(1996), 74 Ohio St.3d 501, 502. This Court applies a de novo standard of review to the interpretation of a written contract.Lovewell v. Physicians Ins. Co. of Ohio (1997),79 Ohio St.3d 143, 144. "The purpose of contract construction is to effectuate the intent of the parties[,]" and that intent "is presumed to reside in the language they chose to employ in the agreement."Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, 132.
 {¶ 7} Appellant asserts that the parties' settlement agreement is unambiguous and requires that his equity interest in the real estate be computed as of the date the settlement agreement was executed. Specifically, appellant relies upon the following language:
"said equity interest is computed after computation of any first mortgage on said property, second mortgage on said property, and any Internal Revenue Service debt owed by Steven Nicholas at the time of signing said agreement."
Appellant asserts that the language "at the time of signing said agreement" makes clear that his equity interest should be computed at that time. We disagree.
 {¶ 8} First, appellant ignores the plain language of the above provision. Appellant attempts to ignore the clause which begins, "after computation," and reads the language "at the time of signing said agreement" to apply to the entire quoted provision. The above provision, however, references two distinct computations: the computation of appellant's equity interest and the computation of appellant's debts. By it plain language, the agreement requires that appellant's equity interest be computedafter another, different computation. Accordingly, the language "at the time of signing said agreement" serves to determine only the date on which appellant's debt must be calculated, not the date that his equity interest must be computed.
 {¶ 9} The parties' intent, as expressed by the choice of language, and well-established canons of construction compel this Court's result. In its journal entry, the trial court stated the parties' agreement as follows:
"Further, the Defendant, Steven Nicholas, grants a judgment to the Plaintiff, Dellagnese Construction Company, for one-half (1/2) of his equity in the home * * *. Said one-half (1/2) of his equity shall be determined after his equity interest is reduced by the amount of the first mortgage to Colonial Savings, second mortgage to Key Bank, and the Internal Revenue Service debt of Steven Nicholas at the time of this agreement."
Like the parties' settlement agreement, the trial court's journal entry, by its plain language, does not require that appellant's equity interest be calculated at the time of the agreement. Rather, it requires that his debt be calculated as of that date.
 {¶ 10} Additionally, the parties' intent, as expressed throughout the agreement, does not support appellant's interpretation. In their agreement, the parties agreed that appellant would be given up to five years to satisfy his obligation. At the end of five years, appellee would have the right to conduct an independent appraisal to determine appellant's equity interest and appellant would then be immediately required to make payment. Under appellant's proposed interpretation, appellee would first be forced to wait five years to have the property appraised. Appellee's appraiser would then have to determine what the property's value was five years earlier, rather than valuing the property on the date of the appraisal. We cannot say that the parties' intended such a result.
 {¶ 11} Appellant has also asserted that the parties never intended for appellee to receive any increase in the value of his equity interest. The language of the settlement agreement, however, contradicts appellant's assertions.
 {¶ 12} In the trial court's journal entry and the parties' agreement, the parties prohibited appellant from decreasing his equity interest in the property by incurring further debt or bankrupting his interest.
"The Defendant, Steven Nicholas, shall not decrease the equity by increasing any loans, incurring additional penalties or interest on the outstanding loans or incurring additional loans on the residence. Further, Defendant, Steven Nicholas, will not bankrupt his equity interest in the residence."
Additionally, as noted above, the debt on the property was required to be calculated as of the date of the settlement agreement. Accordingly, the parties also provided that appellee would not receive the increase in appellant's equity interest which resulted from payments made by appellant to reduce the debt on the property. The parties, however, employed no language restricting appellee from receiving the benefit of other increases, whether passive or active, in appellant's equity interest. Under the doctrine of inclusio unius est exclusio alterius, "to express or include one thing implies the exclusion of other[,]" this Court finds that the parties did not intend to calculate appellant's equity interest on the date the settlement agreement was executed. Black's Law Dictionary (7 Ed. 1999) 602. The parties placed express limitations on appellant's ability to alter his equity interest and on appellee's right, or lack thereof, to increases in that equity. By expressing these specific limitations on appellee's recovery, the parties impliedly excluded other limitations.
 {¶ 13} Finally, appellant's interpretation violates another well-established canon of construction.
"In the construction of a contract courts should give effect, if possible, to every provision therein contained, and if one construction of a doubtful condition written in a contract would make that condition meaningless, and it is possible to give it another construction that would give it meaning and purpose, then the latter construction must obtain." Farmers Natl. Bank v.Delaware Ins. Co. (1911), 83 Ohio St. 309, syllabus.
Appellant's interpretation would nullify provisions contained in the parties' settlement agreement. If appellant's equity interest could never change under the agreement, the parties' restrictions on appellant's ability to incur further debt would be meaningless. Regardless of appellant's incurrence of additional debt, appellee would still be entitled to appellant's initial equity interest. Furthermore, if the parties intended that appellant's equity interest, and not solely his debts, be calculated on the date of the settlement agreement, the parties' specific language referencing appellant's debts would be superfluous, i.e., the parties would have no reason to list appellant's specific debts if they sought to calculate the entirety of his equity interest on the date of their agreement.
 {¶ 14} The canons of construction support the result reached by the trial court. The language utilized by the parties does not evidence an intent that appellant's equity interest was static and could never be altered. Rather, the parties placed specific limitations on appellee's recovery and appellant's ability to alter his equity interest, evidencing an intent that appellant's equity interest would be calculated at a future date. Accordingly, the trial court did not err in denying appellant's motion to enforce the settlement agreement under his erroneous interpretation. Appellant's sole assignment of error is overruled.
 III. {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Boyle, J. concur.