[Cite as *State v. Simin*, 2011-Ohio-3198.]

STATE OF OHIO       )           IN THE COURT OF APPEALS
                   )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                       C.A. No.      25309

     Appellee

     v.                                 APPEAL FROM JUDGMENT
                                        ENTERED IN THE
VITALY SIMIN                       COURT OF COMMON PLEAS
                                        COUNTY OF SUMMIT, OHIO
     Appellant                     CASE No.     CR 09 04 1047

DECISION AND JOURNAL ENTRY

Dated: June 29, 2011

---

CARR, Judge.

**{¶1}** Appellant, Vitaly Simin, appeals his conviction out of the Summit County Court of Common Pleas. This Court dismisses the appeal as untimely.

I.

**{¶2}** On May 6, 2009, Simin was indicted on one count of operating a motor vehicle under the influence (also known as "OVI") in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree; one count of operating a motor vehicle under the influence in violation of R.C. 4511.19(A)(2), a felony of the fourth degree; one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree; and one count of lanes of travel/weaving in violation of R.C. 4511.25, a misdemeanor of the fourth degree. Both counts of operating under the influence contained a prior felony OVI offenses specification. Simin pleaded not guilty to the charges at arraignment.

{¶3} Simin filed a motion to suppress. The trial court held a hearing on the motion and the parties filed post-hearing briefs. The trial court denied Simin's suppression motion and subsequent motion for reconsideration.

{¶4} The matter proceeded to trial. Immediately prior to trial, the State dismissed the second count of operating a vehicle under the influence, in violation of R.C. 4511.19(A)(2). At the conclusion of trial, the jury found Simin guilty of the charge of tampering with evidence, but was unable to reach a verdict as to the remaining charge of operating under the influence. The trial court granted a mistrial as to the charge of operating under the influence. It further found that the State did not prove the elements of the charge of lanes of travel/weaving as a misdemeanor of the fourth degree. The trial court amended that charge to a minor misdemeanor and it found Simin guilty of the amended charge.

{¶5} The matter proceeded to a second trial on the charge of operating under the influence. At the conclusion of trial, the jury found Simin guilty of the underlying charge and the prior OVI conviction specification. The trial court issued a sentencing entry on February 17, 2010, disposing of all counts. The trial court, however, erroneously referred to the lanes of travel/weaving count as a misdemeanor of the fourth degree, having earlier found Simin guilty of the charge as a minor misdemeanor. On February 22, 2010, the trial court issued another sentencing entry, signed by another judge "for" the judge who presided over the case. The sentencing entries are identical except for two modifications in the second entry. First, the charge of lanes of travel/weaving is referred to as a minor misdemeanor. Second, the entry uses slightly different language in its recitation of post-release control, although the substance of the information is the same.

**{¶6}** Simin filed an appeal on March 22, 2010, from the February 22, 2010, purported judgment entry.

II.

**{¶7}** Simin raises eight assignments of error which we decline to restate here.

**{¶8}** App.R. 4(A) that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of judgment or order appealed[.]" This Court has held that "[t]he time requirement of App.R. 4(A) is jurisdictional and may not be extended." *State v. Thomas*, 9th Dist. No. 21472, 2004-Ohio-964, at ¶7, citing *Ditmars v. Ditmars* (1984), 16 Ohio App.3d 174, 175.

**{¶9}** Simin's March 22, 2010 notice of appeal asserts that he is appealing from the judgment entry filed in the trial court on February 22, 2010. Although not captioned as such, the February 22, 2010 judgment entry functions as a nunc pro tunc order. The trial court merely corrected the offense level corresponding to the conviction for lanes of travel/weaving from a misdemeanor of the fourth degree to a minor misdemeanor. "The general rule is that a nunc pro tunc entry cannot operate to extend the period within which an appeal may be prosecuted especially where the appeal grows out of the original order rather than the nunc pro tunc entry." *Thomas* at ¶8, quoting *Lindle v. Inland Lakes Mgt., Inc.* (June 4, 1998), 8th Dist. No. 72947. In this case, Simin challenges the trial court's ruling on his suppression motion, orders regarding jurors and jury instructions, and his tampering and OVI convictions. Simin does not challenge his lanes of travel/weaving conviction, the charge which was corrected, or any issue relating to post-release control. Moreover, assuming, without deciding, that the trial court intended to correct an issue with post-release control, its jurisdiction was limited to addressing only that

issue without invading the province of other aspects of the conviction and sentence. See *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

{¶10} Once the trial court issued its sentencing judgment on February 17, 2010, it lost jurisdiction to substantively modify that final judgment. Any attempt to do so would be a nullity. In addition, the subsequent issuance of the entry which purported to correct certain typographical errors did not extend the time in which Simin could file a timely appeal. He had thirty days from the date of entry of the final judgment in which to timely perfect his appeal. Therefore, he had until Friday, March 19, 2010, to file his notice of appeal. Simin waited until March 22, 2010, to perfect his appeal. As the appeal is untimely, this Court is divested of jurisdiction to consider the merits.

Appeal dismissed.

_____

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, P. J.
CONCUR

APPEARANCES:

BRETT M. MANCINO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.