[Cite as *Allstate Ins. Co. v. Witta*, 2011-Ohio-6068.]

STATE OF OHIO        )                           IN THE COURT OF APPEALS
                                )ss:                    NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

ALLSTATE INSURANCE COMPANY, et al. | C.A. No.       25738

      Appellants

      v. | APPEAL FROM JUDGMENT
                                    ENTERED IN THE
JOEL D. WITTA | COURT OF COMMON PLEAS
                                    COUNTY OF SUMMIT, OHIO
      Appellee | CASE No.     CV 2008-01-0628

DECISION AND JOURNAL ENTRY

Dated: November 23, 2011

---

BELFANCE, Presiding Judge.

**{¶1}** Allstate Insurance Company and Jocelyn Sable (together, "Plaintiffs") appeal from the trial court's awarding of summary judgment to Mr. Witta. For the reasons set forth below, we are without jurisdiction to consider their first assignment of error, and we vacate the trial court's sua sponte reactivation of the previously dismissed action.

I.

**{¶2}** Plaintiffs initiated a personal injury action against Mr. Witta stemming from a traffic accident. The parties informed the trial court that they had settled the matter. On May 15, 2009, the trial court issued an order dismissing the case as settled and retained jurisdiction to enforce the settlement agreement. The dismissal entry did not memorialize the terms of the settlement. In December 2009, Plaintiffs moved the trial court to enforce the settlement. Following an evidentiary hearing, the trial court denied Plaintiffs' motion in a May 7, 2010, journal entry, determining that there had not been a settlement agreement. It simultaneously

reactivated the case in the same entry. When Plaintiffs did not comply with the trial court's deadline for submitting expert reports, Mr. Witta moved for summary judgment, which the trial court granted. Plaintiffs have appealed, raising two assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

"TRIAL COURT ERRED BY NOT ENFORCING WRITTEN SETTLEMENT AGREEMENT BETWEEN THE PARTIES CONSISTING OF A $40,000.00 CONSENT JUDGMENT, $30,000.00 PAID OVER TIME WITH $12,500.00 PAID BY PROGRESSIVE AND DEFENDANT WITTA TO PAY $25.00 PER MONTH TOWARD THE BALANCE."

{¶3} This Court is obligated to raise, sua sponte, questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co. Inc.* (1972), 29 Ohio St.2d 184, 186. A party must file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." App.R. 4(A).

{¶4} As noted above, approximately seven months after the dismissal of the case, the plaintiffs filed a motion seeking to enforce the settlement agreement. On May 7, 2010, the trial court denied the motion to enforce the settlement. The trial court's denial of the motion to enforce was final and appealable. See, e.g., *Dellagnese Const. Co. v. Nicholas*, 9th Dist. No. 22951, 2006-Ohio-4350, at ¶¶2-5 (allowing appeal from trial court's denial of a motion to enforce). However, Plaintiffs did not file their notice of appeal until December 22, 2010, well beyond the 30-day window allowed for appeal from the May 7, 2010, entry. Thus, their appeal of the denial of their motion to enforce the settlement agreement is untimely, and this Court is without jurisdiction to consider the merits of the appeal.

**ASSIGNMENT OF ERROR II**

"TRIAL COURT HAD NO JURISDICTION TO REACTIVE (sic) THE TORT CASE WHEN IT HAS (sic) 'UNCONDITIONALLY DISMISSED' THE TORT CLAIM AND NO RULE 60(B) MOTION WAS FILED TO REACTIVE (sic) THE CASE."

**{¶5}** Plaintiffs also appeal the trial court's award of summary judgment for Mr. Witta, arguing that the trial court lacked jurisdiction to reactivate the case. We agree that the trial court lacked jurisdiction to reactivate the case and conclude that the trial court's summary judgment entry is void and a nullity.

## TRIAL COURT ACTIONS AFTER FINAL JUDGMENT

**{¶6}** The trial court previously dismissed the case as settled on May 15, 2009, but retained jurisdiction to enforce the settlement agreement. As discussed above, the May 7, 2010, denial of the Plaintiffs' motion to enforce was a final, appealable order. See *Dellagnese Constr.* at ¶¶2-5. The trial court's finding that no settlement agreement existed terminated its continuing jurisdiction, leaving only the dismissal judgment.

**{¶7}** The May 15, 2009, judgment of dismissal was a final judgment subject to appeal. "[T]here is a firm and longstanding principle that final judgments are meant to be just that-final." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, at ¶22, citing *Kingsborough v. Tousley* (1897), 56 Ohio St. 450, 458. "The purpose of a court is to resolve controversies, not to prolong them. When issues are constantly relitigated, there is no resolution and hence no finality." *State v. Steffen* (1994), 70 Ohio St.3d 399, 409-10. "Therefore, subject to only rare exceptions, direct attacks, i.e., appeals[] * * * are the primary way that a civil judgment is challenged[,] * * * [and] collateral or indirect attacks are disfavored[.]" *Ohio Pyro*

*Inc.* at ¶22. A collateral attack should only succeed in instances where the court lacked jurisdiction or when the order was a product of fraud. Id. at ¶23.

{¶8} In the context of a post-judgment matter, actions that purport to reconsider or alter a final judgment are a nullity. The Supreme Court of Ohio has explained that, absent an appeal or a void judgment:

> "the Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules[,] * * * allow[ing] for relief from final judgments by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment)." *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 380.

See, also, Civ.R. 60(B) ("The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."). Therefore, the Court in *Pitts* concluded that, because a motion to reconsider was not prescribed by the Ohio Rules of Civil Procedure, such a motion is a nullity. Id. at paragraph one of the syllabus, 379. Accordingly, "all judgments or final orders from [a] motion [to reconsider] are a nullity." Id. at 381.

{¶9} This Court has consistently treated actions taken by the trial court subsequent to the entry of a final judgment that are not within the scope of the Ohio Rules of Civil Procedure as void. For example, in *West v. Geffken*, 9th Dist. No. 24243, 2008-Ohio-6624, this Court, relying, in part, on *Pitts*, vacated the trial court's nunc pro tunc entry because it constituted a sua sponte modification of the trial court's final appealable order. *West* at ¶¶6-7. In *State v. Simin*, 9th Dist. No. 25309, 2011-Ohio-3198, this Court held that, "[o]nce the trial court issued its sentencing judgment[,] * * * it lost jurisdiction to substantively modify that final judgment. Any attempt to do so would be a nullity." Id. at ¶10.

{¶10} Other districts have come to similar conclusions. In *Fiore v. Larger*, 2nd Dist. Nos. 05-CV-6054, 07-CA-8371, 2009-Ohio-5408, the Court held that:

"[T]he trial court was divested of subject-matter jurisdiction over this matter upon the filing of its final judgment entry * * *, and, therefore, lacked jurisdiction when it issued its decision denying the motion for reconsideration. The trial court's entry of final judgment rendered the previously filed motion for reconsideration a nullity, and, therefore, the trial court's subsequent denial of that motion was also a nullity." Id. at ¶36.

See, also, *State ex rel. Post v. Speck*, 185 Ohio App.3d 828, 2010-Ohio-105, at ¶12 ("Since the trial court in this case exercised jurisdiction over the merits of the case after the final order was rendered, the court acted outside of its subject-matter jurisdiction and its subsequent judgment is void."); but, see, *Mayfield Hts. v. N.K.*, 8th Dist. No. 93166, 2010-Ohio-909 (analyzing a trial court's sua sponte vacation of a final judgment for error, not voidness).

{¶11} As noted above, "final judgments are meant to be just that-final." *Ohio Pyro, Inc.* at ¶22. When parties exit court with a final judgment, they should be able to trust that their litigation has come to an end. To allow a court to sua sponte reopen final judgments and to enter new ones subject only to timely appeals forces parties into a nonstop loop of litigation, undermining the very idea of the judicial system as a place to bring controversies to a final resolution. For that reason, it is imperative that final judgments be disturbed only pursuant to the limited avenues afforded under the law.

TRIAL COURT'S REACTIVATION

{¶12} As this case never proceeded to trial, Civ.R. 50(B) and Civ.R. 59 are clearly inapplicable, leaving Civ.R. 60(B) as the sole avenue available to the parties for relief from the dismissal of the case. *Pitts*, 67 Ohio St.2d at 380. See, also, *Coffman v. Coffman* (June 28, 1995), 2nd Dist. No. 94-CA-104, at *5 ("[T]here is no provision in Civ.R. 60(B) which allows a trial court to vacate a judgment on its own initiative. Rather, the rule clearly states that 'the proper procedure for obtaining any relief from a judgment shall be by motion.' Civ.R. 60(B). In reliance on this language, courts have consistently held that a court is without authority to sua

sponte vacate a judgment under Civ.R. 60(B).”). In this case, the Plaintiffs filed a motion to enforce the settlement agreement, and this was the only motion before the court. The court ruled upon that motion and, at that juncture, Plaintiffs could have appealed from the court's denial of the motion or they could have elected not to appeal. Regardless, there was a final judgment entry that had dismissed the case. Thus, Plaintiffs could also have filed a Civ.R. 60(B) motion seeking relief from the judgment of dismissal on the grounds that the parties previously dismissed the action upon the belief that they had entered into a binding agreement. However, we cannot construe Plaintiffs' motion to enforce the settlement agreement as a Civ.R. 60(B) motion for relief. See, e.g., *Nova Information Sys., Inc. v. Current Directions, Inc.*, 11th Dist. No. 2006-L-214, 2007-Ohio-4373, at ¶16 (noting that, in addition to the trial court lacking jurisdiction to enforce the settlement agreement, "this court cannot reasonably construe appellant's motion to enforce the settlement as a motion for relief from judgment pursuant to Civ.R. 60(B)[]"). Thus, we reject the contention that, in this case, the court had authority to reactivate the action in contravention to the dismissal entry. See *Pitts*, 67 Ohio St.2d at 380.

{¶13} Mr. Witta, citing *Connolly v. Studer*, 7th Dist. No. 07 CA 846, 2008-Ohio-1526, and *Earl v. Earl*, 9th Dist. No. 04CA008432, 2004-Ohio-5684, suggests that the trial court derived jurisdiction to vacate its judgment entry of dismissal by virtue of the filing of the motion to enforce the settlement. We disagree.

{¶14} In *Connolly*, the matter was before the Court on appeal from the trial court's vacation of its earlier entry, in which it, in response to a motion to enforce a settlement, had determined that there was no settlement, vacated the dismissal, and reactivated the case. Id. at ¶1. In analyzing whether the trial court had properly vacated its previous entry, the Court determined that the trial court's vacation of the dismissal entry was proper because the trial court

may very well have entertained an oral motion to vacate pursuant to Civ. R. 60(B). Id. at ¶23. Since the parties did not submit a transcript of the proceedings, the Court determined that the appellant might have orally moved for relief from judgment during a hearing that had been held by the trial court. Id. Therefore, the trial court lacked jurisdiction to reconsider the vacation of the dismissal. In dicta, the appellate court also referred to our holding in *Earl*. Id. at ¶24. However, *Earl* is distinguishable both factually and procedurally from this case and does not stand for the broad proposition that a court may sua sponte act in contravention to a final judgment simply because a party has brought a post-judgment motion.

{¶15} In *Earl*, the Court relied upon *Coffman* in concluding that the trial court did not act sua sponte when it vacated two prior child support entries because it acted in response to the father's motion to modify the obligation. *Earl* at ¶9. In *Coffman*, the appellate court was faced with two issues: the modification of a child support order and the vacation of a prior judgment of contempt. Id. at *1. The trial court in *Coffman* had found Mr. Coffman in contempt for nonpayment of an increased child support obligation. Id. When the prosecutor moved for the trial court to impose jail time, Mr. Coffman countered by seeking a modification to his child support obligations. Id. at *2.

{¶16} The trial court modified child support, making the modification retroactive to the date of the entry of the child support order, and it also vacated Mr. Coffman's contempt judgment. Id. On appeal, the CSEA argued that the trial court erred in "vacating" the prior child support order and alternatively argued that the trial court erred in retroactively modifying the child support to the date of the child support order rather than the date the father filed his motion to modify. Id. at *2-*4. The appellate court rejected the argument that the trial court had vacated its prior support order as the record did not support such a finding. Id. at *2. However,

the appellate court agreed that the trial court could not retroactively modify support to the date of the child support order. Id. at *4. Rather, it could only modify child support retroactive to the date father had filed his motion to modify. Id. The *Coffman* court also determined that the trial court erroneously vacated the final judgment of contempt. Id. at *4-*5. It found that, absent correction of a clerical error pursuant to Civ.R. 60(A), Civ.R. 60 does not permit the trial court to sua sponte substantively alter a final judgment. Id. at *5.

{¶17} In *Earl*, the parties' decree established child support for four children although one was already emancipated. Id. at ¶2. Two child support orders were entered after the decree. Id. One order terminated support for a second child who became emancipated after the divorce. Id. The second order terminated support for the child who was emancipated at the time of the decree. Id. The father then filed a motion for reimbursement of overpayments, which the trial court denied. Id. at ¶3. The trial court also vacated its prior two child support orders. Id. On appeal, the father challenged the denial of the motion for reimbursement of overpayments and the trial court's sua sponte vacation of the prior support orders. Id. at ¶4. This Court determined that the trial court did not err when it found that the father had agreed to a set payment of child support and was therefore not entitled to reimbursement. Id. at ¶¶4, 7. This Court also found that the trial court did not err in vacating the prior support orders because it was not acting sua sponte. Id. at ¶9. Rather, it was acting in response to father's motion to reimburse the overpayments of child support. Id.

{¶18} In reaching that conclusion, the *Earl* court relied upon *Coffman*, apparently based on the notion that the *Coffman* trial court had actually vacated its child support order. See *Earl* at ¶9. However, the *Coffman* court specifically found that the trial court had not vacated its previously entered support order, rather it had erroneously modified support retroactive to the

date of the order. Id. at \*2-\*4 ("[T]he trial court erred in ordering the modification [of child support] to be effective retroactively from the time that the initial increase in support was ordered[.]"). As such, this Court's statement in *Earl* that *Coffman* stands for the proposition that the "trial court's vacating of prior order was in accord with Civ.R. 60 because it was in response to a motion to modify child support" is not accurate. Id. at ¶9. While it is unclear whether the father's motion for reimbursement in *Earl* contained language that could be construed as seeking Civ.R. 60(B) relief, we disavow any suggestion in *Earl* that a trial court may vacate a final judgment absent a specific request by a party for Civ.R. 60(B) relief.

{¶19} A trial court may only relieve a party from judgment by the mechanisms provided by the Ohio Rules of Civil Procedure. *Pitts*, 67 Ohio St.2d at 380; *West* at ¶6. A vacation or modification of a final judgment in a manner not provided for by the Rules of Civil Procedure is void and a nullity. See *Pitts*, 67 Ohio St.2d at 379-380; *West* at ¶7; *Fiore* at ¶36. In this matter, the trial court was without authority to ignore or implicitly vacate the May 15, 2009, final judgment absent a request for Civ.R. 60(B) relief. Thus, the trial court's sua sponte reactivation of the case is a nullity, as is the trial court's award of summary judgment. See *Pitts*, 67 Ohio St.2d at 381.

{¶20} The Ohio Supreme Court has recognized "the inherent power of courts to vacate void judgments[.]" *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. Of Revision* (2000), 87 Ohio St.3d 363, 368. "A court has inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." *Van DeRyt v. Van DeRyt* (1966), 6 Ohio St.2d 31, 36. Here, the trial court was without authority to sua sponte reactivate the action and implicitly vacate its May 15, 2009, dismissal entry. Therefore, its

November 24, 2010, entry purporting to grant summary judgment is a nullity and must be vacated.

III.

**{¶21}** That portion of the May 7, 2010, judgment of the of the trial court which reinstated the action is vacated as are its subsequent orders, including its November 24, 2010, judgment entry granting summary judgment.

Judgment vacated in part,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

DARAN P. KIEFER, Attorney at Law, for Appellants.

PERRIN I. SAH and KELLY N. GRIGSBY, Attorneys at Law, for Appellee.