[Cite as *State v. Hace*, 2016-Ohio-7815.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

STATE OF OHIO            C.A. No.      15CA0080-M

      Appellee

      v.                         APPEAL FROM JUDGMENT
                                       ENTERED IN THE

MICHELLE HACE            MEDINA MUNICIPAL COURT
                                       COUNTY OF MEDINA, OHIO

      Appellant                    CASE No.      14TRC08398

DECISION AND JOURNAL ENTRY

Dated: November 21, 2016

---

MOORE, Judge.

{¶1} Defendant-Appellant Michelle Hace appeals from the judgment of the Medina Municipal Court. For the reasons set forth below, we vacate the trial court's sentencing entry and remand the matter for further proceedings.

I.

{¶2} In December 2014, a complaint was filed against Ms. Hace for a violation of R.C. 4511.194(B), physical control of a vehicle while under the influence of alcohol. Ms. Hace filed a motion to suppress, which was denied following a hearing. Thereafter, she entered a plea of no contest and filed a notice of appeal on July 10, 2015, prior to being sentenced. On July 28, 2015, she filed a "Notice of Withdraw[al] of Appeal[.]" On August 21, 2015, the trial court sentenced Ms. Hace, imposing a $300 fine. On September 3, 2015, this Court granted Ms. Hace's motion to dismiss her appeal. Ms. Hace subsequently appealed, raising three assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DETERMINING THAT THE OFFICER'S INITIAL APPROACH OF [MS. HACE'S] PARKED VEHICLE WAS A VALID EXECUTION OF THE COMMUNITY CARETAKING FUNCTION.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DETERMINING THAT THE OFFICER'S CONTINUED DETENTION OF [MS. HACE], FOR PURPOSES OF EXPANDING THE SCOPE OF THE INVESTIGATION, WAS VALID TAKING INTO ACCOUNT THE TOTALITY OF THE CIRCUMSTANCES.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DETERMINING THAT THE OFFICER HAD PROBABLE CAUSE TO ARREST [MS. HACE] FOR BEING IN ACTUAL PHYSICAL CONTROL OF A VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.

{¶3} In her three assignments of error, Ms. Hace challenges the trial court's ruling on her motion to suppress. However, because the trial court's sentencing entry is void, we are unable to address the merits of her arguments.

{¶4} "An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.,* 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9. "[T]he determination as to the appropriateness of an appeal lies solely with the appellate court." *Id.* at ¶ 10. "The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.* at ¶ 9.

{¶5} In this case, Ms. Hace filed her original notice of appeal on July 10, 2015. Thereafter, she filed a motion to dismiss her appeal on July 28, 2015; however, prior to this Court granting that motion, the trial court sentenced Ms. Hace on August 21, 2015. The trial court lacked jurisdiction to sentence Ms. Hace while her initial appeal was still pending as doing

so was inconsistent with our jurisdiction. *See id.* at ¶ 9. Accordingly, the trial court's August 21, 2015 sentencing entry is void. *See id.* at ¶ 15. This Court has the "inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." (Internal quotations and citations omitted.) *See Allstate Ins. Co. v. Witta,* 9th Dist. Summit No. 25738, 2011-Ohio-6068, ¶ 20. We exercise that authority and vacate the trial court's August 21, 2015 sentencing entry and remand the matter so that the trial court can sentence Ms. Hace. In light of the foregoing, we are unable to address the merits of Ms. Hace's appeal at this time.

## III.

**{¶6}** The August 21, 2015 sentencing entry of the Medina Municipal Court is vacated and the matter is remanded for proceedings consistent with this opinion.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

TIMOTHY J. MURRAY, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.