[Cite as *In re A.R.K.*, 2016-Ohio-8028.]

STATE OF OHIO )    IN THE COURT OF APPEALS
             )ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

IN RE: A.R.K.                    C.A. No.    28042


                                APPEAL FROM JUDGMENT
                                ENTERED IN THE
                                COURT OF COMMON PLEAS
                                COUNTY OF SUMMIT, OHIO
                                CASE No.    LC 14-01-16

DECISION AND JOURNAL ENTRY

Dated: December 7, 2016


MOORE, Judge.

{¶1}   Appellant Jackson-Milton Local School District Board of Education ("Jackson-Milton") appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division. We vacate the trial court's entry.

I.

{¶2}   In January 2014, A.R.K.'s paternal grandmother and step-grandfather ("the Grandparents") filed a complaint for legal custody, along with a motion for temporary custody. The Grandparents were granted temporary custody. On April 7, 2014, the magistrate issued a magistrate's order ("April 7th order") which stated that, pursuant to R.C. 2151.362 and in accordance with R.C. 3313.64, Jackson-Milton Local School District was responsible for the costs of educating A.R.K who was removed from her home at 135 Market Street, Lake Milton, Ohio. The order additionally stated that it was "subject to redetermination by the Department of Education as appropriate." The bottom of the order noted that "[a]ny person may appeal to the

court from any order of a magistrate by filing a motion to set the order aside, in accordance with [Juv.R.] 40(E)(3)(a) & (b) or [Civ.R.] 53(C)(3)(b)[1], within ten (10) days of the filing of the order." Below that advisement, the order indicates it was sent to both Cuyahoga Falls Schools and Jackson-Milton Schools.[2]

{¶3} Ultimately, on June 25, 2014, legal custody was awarded to the Grandparents. Following the award of legal custody, on July 31, 2014, Cuyahoga Falls School District sent a letter to the court informing it that the zip code of Lake Milton encompassed three different school districts and sought a determination of which district was financially responsible for the education of A.R.K.[3] The magistrate then forwarded a copy of the April 7th order to Cuyahoga Falls School District.

{¶4} On September 15, 2014, Jackson-Milton filed a motion to intervene and to vacate or amend the April 7th order. Jackson-Milton maintained that the address listed in the April 7th order, which resulted in Jackson-Milton being deemed the district responsible for bearing the cost of educating A.R.K., was fictional and did not exist, and requested a hearing to determine which district should be financially responsible for the cost of educating A.R.K. The motion did not mention or cite to Civ.R. 60(B). It also argued that the letter from the Cuyahoga Falls School District contained hearsay.

{¶5} The magistrate issued a decision on September 30, 2014. Therein, the magistrate noted that "her initial order *may* have been incorrect [as] [t]he magistrate cannot locate 135 Market Street in Lake Milton as an accurate address." (Emphasis added.) The magistrate went

---

[1] We note that, at the time the order was issued, Juv.R. 40(E) and Civ.R. 53(C)(3) did not exist.

[2] Nonetheless, the docket does not indicate that this order was ever served on any person.

[3] The July 31, 2014 letter is not in the record; however, it is discussed in an entry by the magistrate.

on to state that "there is nothing in the statutory framework that permits this court to amend or vacate its initial decision. Both the court and the school districts are bound by the limitation that only the Department of Education can re-determine the court's initial order." The magistrate thus denied the motion to intervene and to vacate and ordered that "[a]ny re-determination of the court's [April 7th order] must be done by the Department of Education." That same day, the trial court adopted the decision of the magistrate and ordered that the motion to intervene and to vacate or amend the April 7th order was denied and that "[a]ny re-determination of the [April 7th order] must be done by the Department of Education." Jackson-Milton did not seek to file objections to the magistrate's decision nor did it file an appeal.

{¶6} On October 23, 2015, Jackson-Milton filed a motion to vacate or amend the April 7th order and the September 2014 judgment.[4] In the motion, Jackson-Milton asserted that, in the interim, it had sought a re-determination from the Ohio Department of Education and claimed it was denied the same because it failed to supply sufficient evidence of A.R.K.'s mother's address. Jackson-Milton maintained that the trial court was free to revisit its determination and essentially reasserted arguments it made in the prior motion. At no point did Jackson-Milton assert that its due process rights were violated or mention Civ.R. 60(B). Additionally, while Jackson-Milton *mentioned* that the trial court should hold an evidentiary hearing, it never indicated a hearing was required under the circumstances.

{¶7} On November 5, 2015, the trial court issued an order stating that the address supplied by A.R.K.'s mother was within the Jackson-Milton School District and thus the district responsible for assuming the costs of educating A.R.K was properly determined. The trial court

---

[4] The motion claims to seek to vacate the September 14, 2015 order, but there is no such order. We presume Jackson-Milton sought to vacate the September 2014 judgment of the trial court.

also found that it did "not have ongoing jurisdiction to determine the responsibility for costs of education for children[,]" and that "[a]ny further issues regarding educational responsibility are, by law, to be directed to the Department of Education."

{¶8} Jackson-Milton has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE JUVENILE COURT ERRED IN NOT HOLDING A HEARING TO DEFINITIVELY DETERMINE THE SCHOOL DISTRICT THAT WAS TO BEAR THE COST OF EDUCATING THE MINOR IN THIS CASE – ESPECIALLY WHEN THE JUVENILE COURT ADMITTED THAT ITS PRIOR DETERMINATION WAS AT LEAST QUESTIONABLE, IF NOT PATENTLY INCORRECT.

{¶9} Jackson-Milton asserts in its sole assignment of error that the trial court erred in failing to hold a hearing to determine the school district responsible for assuming the cost of educating A.R.K.

{¶10} We begin by noting that Jackson-Milton is only appealing from the trial court's November 5, 2015 entry. Thus, we are limited to considering whether the trial court erred in failing to hold a hearing with respect to Jackson-Milton's most recent motion. Nonetheless, we do not reach the merits of this issue because we conclude that the ruling from which Jackson-Milton now appeals is based upon, what is in substance, a motion to reconsider, which is a nullity. *See Allstate Ins. Co. v. Witta,* 9th Dist. Summit No. 25738, 2011-Ohio-6068, ¶ 8.

{¶11} While the initial April 7th order of the magistrate was not a final, appealable order, *see Harkai v. Scherba Industries, Inc.,* 136 Ohio App.3d 211, 218 (9th Dist.2000), the judgment granting legal custody to the Grandparents entered on June 25, 2014 was a final order. *See In re B.C.,* 9th Dist. Summit Nos. 26976, 26977, 2014-Ohio-2748, ¶ 7. Jackson-Milton's September 2014 motion sought to intervene and to vacate or amend the April 7th order. In its

motion, Jackson-Milton asserted that the address relied on to determine financial liability did not exist and that a letter (not within this Court's record) sent to the trial court *after* it issued its April 7th order somehow formed the basis for the determination of financial responsibility, and that that letter contained improper hearsay. Subsequently, the magistrate issued a decision denying Jackson-Milton's motion and concluding that the Ohio Department of Education was responsible for re-determinations of the April 7th order. The trial court adopted the magistrate's decision that same day and entered judgment. Jackson-Milton did not seek to object to the magistrate's decision, nor did it appeal the trial court's judgment.

{¶12} Instead, over a year later, Jackson-Milton filed another motion captioned as a motion "to vacate or amend the April 7, 2014 and September [2014] orders of this [c]ourt[.]" In that motion Jackson-Milton pointed out that it had unsuccessfully sought a re-determination from the Ohio Department of Education and asserted that the trial court was "free to revisit the issue[.]" Jackson-Milton again pointed out that the address used to determine financial responsibility did not exist and noted that a letter on which the trial court allegedly relied in its April 7th order contained improper hearsay.

{¶13} The trial court then issued the entry now appealed from, and therein concluded that the original determination was proper and that any further issues concerning financial responsibility must be directed to the Ohio Department of Education.

{¶14} While Jackson-Milton did not cite to, or rely on Civ.R. 60(B) in either of its motions, Loc.R. 5.06 of the Court of Common Pleas Summit County, Juvenile Division, provides that all motions for relief from judgment must comply with Civ.R. 60 and 7(B). In substance, Jackson-Milton's September 2014 motion was, in part, a motion for relief from judgment. Thus, the trial court's ruling on the September 2014 motion denying the motion to

vacate was a final appealable order. *See Bencin v. Bencin,* 9th Dist. Medina Nos. 10CA0097-M, 11CA0113-M, 2012-Ohio-4197, ¶ 11. ("[A] judgment granting or denying a Civ.R. 60(B) motion is, as a rule, a final appealable order[.]").

{¶15} And while Jackson-Milton captioned its most recent motion as a motion to vacate or amend the April 7th and September 2014 orders, in essence and substance, Jackson-Milton's motion was a motion to reconsider the trial court's September 2014 ruling denying Jackson-Milton's motion to vacate or amend the April 7th order. Because Jackson-Milton's most recent motion was a motion to reconsider a final judgment, the motion, and the trial court's ruling on it are nullities. *See Witta,* 2011-Ohio-6068, at ¶ 8.

{¶16} Further, because the trial court's ruling is a nullity, it is also void. *See id.* at ¶ 9. This Court has the "inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." (Internal quotations and citations omitted.) *Id.* at ¶ 20. Accordingly, we exercise that authority and vacate the trial court's November 5, 2015 entry. The merits of Jackson-Milton's arguments are not properly before us.

III.

{¶17} The November 5, 2015 judgment of the Summit County Court of Common Pleas, Juvenile Division, is vacated.

Judgment vacated.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

> CARLA MOORE
> FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

SCOTT C. ESSAD, Attorney at Law, for Appellant.

CHRISTIAN M. WILLIAMS and JACQUELINE WALSH BRICKMAN, Attorneys at Law, for Appellee.