[Cite as *H.C. v. R.R.*, 2019-Ohio-212.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

H. C.

    Appellee

v.

R. R.

    Appellant

C.A. No.    28956

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2005-08-2704

DECISION AND JOURNAL ENTRY

Dated: January 23, 2019

HENSAL, Judge.

{¶1} R.R. ("Father") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses, vacates the trial court's February 5, 2018, judgment entry, and remands the matter for further proceedings consistent with this decision.

I.

{¶2} This domestic-relations case involves a lengthy procedural history, much of which is not relevant to this appeal. What is relevant is that the trial court issued a judgment entry on January 4, 2017, that ordered H.C. ("Mother") to pay Father's attorney's fees in the amount of $25,000.00 as a result of her frivolous conduct throughout the proceedings. The judgment entry ordered Mother to make payments directly to Father in 20 monthly installments of $1,250.00, "with the first payment due the first day of the month immediately following the date of the time stamp of this Judgment Entry."

{¶3} Mother appealed the trial court's January 4, 2017, judgment entry, challenging the trial court's findings with respect to her conduct that led to the sanctions, among other issues. *See Condon v. Rockich*, 9th Dist. Summit No. 28479, 2018-Ohio-71. Mother then moved for a stay of the January 4, 2017, judgment entry, which the trial court granted. Shortly thereafter, Father moved the trial court to terminate the stay or, in the alternative, to modify the stay to require Mother to post a supersedeas bond. The trial court denied Father's motion, and Father then moved this Court to terminate or, in the alternative, to modify the stay. This Court denied Father's motion.

{¶4} Following the denial of Father's motion, this Court affirmed the trial court's imposition of sanctions on Mother, but reversed and remanded the matter on other issues. *Id.* at ¶ 56. On remand, Mother moved the trial court to set a new effective date for her monthly payment obligation to Father. In her motion, Mother did not dispute the amount owed to Father, but argued that the trial court should set the effective date as January 10, 2018, which was the day this Court issued its decision on her appeal. She argued that, in the interests of fairness and equity, the trial court should not require her to make a lump-sum payment to Father for the amount that accrued between the trial court's January, 4, 2017, judgment entry, and the date of this Court's decision (i.e., January 10, 2018), which totaled $15,000.00. In support of her motion, Mother asserted that she "d[id] not have funds available to her in which to make a lump sum payment of $15,000[.]"

{¶5} Father opposed Mother's motion, arguing that it was an impermissible attempt to modify a final judgment (i.e., the trial court's January 4, 2017, judgment entry). The trial court granted Mother's motion, setting the effective date of Mother's monthly payment obligation as January 10, 2018. Father now appeals, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE DECISION OF THE TRIAL COURT TO MODIFY A PREVIOUS JUDGMENT WAS PREJUDICIAL, AN ABUSE OF DISCRETION, AND AN ERROR OF LAW.

{¶6} In his first assignment of error, Father argues that the trial court erred by modifying the terms of its January 4, 2017, judgment entry. More specifically, Father argues that the trial court erred by setting a new effective date, and by ordering "[t]he Defendant[]" (i.e., Father) to make the payments, not Mother. Father argues that the trial court did not retain jurisdiction to modify its January 4, 2017, judgment entry and, therefore, its modification of that entry is a nullity.

{¶7} In response, Mother argues that the trial court simply clarified its judgment entry with respect to the effective date, which is not tantamount to a modification. She also argues that the trial court's transposal of the parties in the judgment entry was a clerical mistake, and acknowledges that she, not Father, is obligated to make the payments.

{¶8} "In most civil cases, the trial court loses jurisdiction over the parties and their dispute upon entry of final judgment, except to enforce the judgment." *In re J.W.*, 9th Dist. Summit No. 26874, 2013-Ohio-4368, ¶ 12. Accordingly, "[t]his Court has consistently treated actions taken by the trial court subsequent to the entry of a final judgment that are not within the scope of the Ohio Rules of Civil Procedure as void." *Allstate Ins. Co. v. Witta*, 9th Dist. Summit No. 25738, 2011-Ohio-6068, ¶ 9.

{¶9} Here, as previously noted, the trial court entered a final judgment on January 4, 2017, that ordered Mother to make payments to Father beginning on "the first day of the month immediately following the date of the time stamp of this Judgment Entry." After Mother's direct

appeal and this Court's remand of the matter on certain issues, Mother moved the trial court to modify the effective date of her monthly payment obligation to Father on the basis that it would be "fair and equitable" because she "d[id] not have funds available to her in which to make a lump sum payment of $15,000[.]" The trial court granted Mother's motion.

{¶10} Despite Mother's argument on appeal to the contrary, the trial court's grant of Mother's motion and subsequent new judgment entry did not amount to a clarification of its January 4, 2017, judgment entry. Rather, the trial court modified its prior final judgment, which it had no jurisdiction to do. Accordingly, the trial court's February 5, 2018, judgment entry granting Mother's motion and setting a new effective date is void and must be vacated. *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. Of Revision*, 87 Ohio St.3d 363, 368 (2000) (recognizing a court's "inherent power * * * to vacate void judgments[.]"). In light of this disposition, Father's argument with respect to the trial court's transposal of the parties in its February 5, 2018, judgment entry is now moot. App.R. 12(A)(1)(c). Father's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING MOTHER'S MOTION TO STAY WITHOUT ORDERING SUPERSEDEAS BOND.

{¶11} In his second assignment of error, Father argues that the trial court erred by granting Mother's motion to stay without ordering a supersedeas bond. Father's second assignment of error also asks this Court to sanction Mother for her continued frivolous conduct at the trial court level, and to order the trial court to determine the amount of attorney's fees and costs Father has incurred as a result of Mother's conduct. This Court, however, will not decide those issues in the first instance. *Skidmore v. Natl. Bronze & Metals Ohio, Inc.*, 9th Dist. Lorain No. 12CA010328, 2014-Ohio-4423, ¶ 16 ("[T]his Court generally will not decide issues in the

first instance[.]"). Further, in light of this Court's disposition of Father's first assignment of error, we decline to address the remainder of Father's second assignment of error on the basis that it is premature at this time.

### III.

{¶12} Father's first assignment of error is sustained. We decline to address the merits of Father's second assignment of error. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is reversed, the February 5, 2018, order is vacated, and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
order vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P.J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT.

APPEARANCES:

MARY E. RANDAZZO, Attorney at Law, for Appellant.

CORINNE HOOVER SIX, Attorney at Law, for Appellee.