DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Floyd W. Crise, appeals from the decision of the Lorain County Court of Common Pleas which denied his motion for relief from judgment. We reverse.
 {¶ 2} On October 1, 2002, Appellee, Homeside Lending, Inc., filed a complaint against Appellant, Appellant's wife, Denise Crise ("Crise"), GMAC Mortgage Corporation ("GMAC"), and the Lorain County Treasurer ("Treasurer"). Both Crise and the Treasurer filed answers; Appellant and GMAC failed to file responsive pleadings.
 {¶ 3} Thereafter, Appellee filed a motion for summary judgment which was subsequently granted by the court on February 3, 2003. Appellant then filed both a notice of appeal and a motion for relief from judgment. On April 15, 2003, this Court remanded the matter for the limited purpose of ruling on the motion for relief from judgment. However, the trial court had previously denied the motion on April 2, 2003. It is from this decision that Appellant attempts to appeal.
 {¶ 4} "A trial court does not have jurisdiction to determine a motion for relief from judgment during the pendency of an appeal, and any action then taken upon a Civ.R. 60(B) motion is null and void." Reese v.Proppe (1981), 3 Ohio App.3d 103, 104. Jurisdiction may be conferred upon the trial court only through an order remanding the matter for a consideration of such motion. Howard v. Catholic Social Serv. of CuyahogaCty., Inc. (1994), 70 Ohio St.3d 141, 147. In the present matter, when the trial court ruled on the Civ.R. 60(B) motion it was without jurisdiction as an appeal had been filed and the matter was yet to be remanded. Id. See, also, GMS Management Co., Inc. v. Ostrow (Nov. 17, 1989), 11th Dist. No. 88-L-13-138 (finding that because "the trial court had no jurisdiction to rule on appellant's Civ.R. 60(B) motion once the notice of appeal was filed, any judgment thereon is void for lack of jurisdiction"). Accordingly, because the court did not have jurisdiction to entertain such a motion, the entry from which Appellant attempts to appeal, dated April 2, 2003, is null and void. Reese,3 Ohio App.3d at 104. See Thomas v. Fick (June 7, 2000), 9th Dist. No. 19595, at 5 (stating that a judgment is void where the court lacks jurisdiction over the subject matter or over the parties). Consequently, the decision of the Lorain County Court of Common Pleas is reversed and the matter is remanded to the trial court with instructions to vacate its April 2, 2003 order.
Judgment reversed and cause remanded.
Baird, J., Carr, J. Concur.