DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Ernest Angley ("Angley"), Grace Cathedral, Inc. ("Grace"), and Winston Broadcasting, Inc. ("Winston"), appeal the judgment of the Summit County Court of Common Pleas which granted Appellee, Stephen Nelson's ("Nelson"), motion for relief from judgment pursuant to Civ. R. 60(B). This Court reverses.
 I. {¶ 2} Nelson was an employee of Appellants from 1985 until 2001. During his employment, Nelson purchased electronic parts and equipment ("EPE") on his own account and stored them at Appellants' facilities starting in 1992. The EPE were subsequently moved a number of times to different locations. On January 20, 2001, Nelson's employment with Appellants was terminated. Upon his termination, Nelson entered into an agreement with Angley to store the EPP at no cost to Nelson. In the summer of 2007, Nelson made a demand for the return of the EPE. Appellants did not return the equipment upon Nelson's demand. *Page 2 
 {¶ 3} On October 17, 2007, Nelson filed a complaint in the Summit County Court of Common Pleas. On November 14, 2007, Appellants filed an answer, as well as a counterclaim against Nelson. On May 6, 2008, Appellants filed a motion for summary judgment, and on July 11, 2008, Appellants' motion was granted.
 {¶ 4} On July 17, 2008, Nelson filed a motion for relief from judgment. On July 18, 2008, Appellants filed a notice of voluntary dismissal without prejudice of the remaining counterclaim. On August 25, 2008, pursuant to a status conference held on August 20, 2008, the trial court granted Nelson's motion for relief from judgment, and vacated Appellants' Civ. R. 41(A) voluntary dismissal of their counterclaim. Appellants timely appeal with three assignments of error.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO VACATE ALTHOUGH APPELLEE FAILED TO DEMONSTRATE A MERITORIOUS AND VALID CLAIM OR DEFENSE."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO VACATE ALTHOUGH APPELLEE FAILED TO SHOW ENTITLEMENT TO RELIEF UNDER THE RULE."
 {¶ 5} Appellants argue that the trial court erred in granting Nelson's motion for relief from judgment pursuant to Civ. R. 60(B) because Nelson failed to both present a meritorious defense, and to specify under which section of Civ. R. 60(B) he was seeking relief. This Court agrees that the trial court erred in granting Nelson's motion for relief from judgment.
 {¶ 6} "This Court reviews the grant or denial of a Civ. R. 60(B) motion for relief from judgment under an abuse of discretion standard."Hardy v. Wilson, 9th Dist. No. 05CA008815, *Page 3 2006-Ohio-4532, at ¶ 13, citing Turowski v. Apple Vacations, Inc., 9th Dist. No. 21074, 2002-Ohio-6988, at ¶ 6. An abuse of discretion is more than a mere error of law or judgment, but "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Appellate courts may not substitute their judgment for that of the trial court when an abuse of discretion standard is applied. Pons v. Ohio St. Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 7} However, "[a] trial court's discretion is not unbridled."Turowski at ¶ 7. As this Court has held:
 "To prevail on a Civ. R. 60(B) motion, the movant must demonstrate that: `(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.' GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus." Turowski at ¶ 7.
Furthermore, if any of the above requirements are not met, the Civ. R. 60(B) motion should be overruled by the trial court. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 8} Civ. R. 60(B) allows for the trial court to relieve parties from a final judgment for the following reasons:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 9} However, the Supreme Court of Ohio has held that "[i]t is axiomatic * * * that Civ. R. 60(B) may not be used as a substitute for appeal." Doe v. Trumbull Cty. Children Servs. *Page 4 Bd. (1986), 28 Ohio St.3d 128, 131. Furthermore, this Court has held that "[e]rrors that could have been corrected by a timely appeal cannot be the predicate for a motion for relief from judgment." In reS.J., 9th Dist. No. 23199, 2006-Ohio-6381, at ¶ 24, citing Ward v.Hengle (1999), 134 Ohio App.3d 347, 350.
 {¶ 10} In the case at hand, the trial court found that Nelson was a former employee of Appellants and had purchased the EPE in question in 1992 while still under the employment of Appellants. In its ruling on the motion for summary judgment, the trial court also found that subsequent to the termination of Nelson's employment, "a verbal bailment agreement was entered into allowing Plaintiff to continue to store the EPE" for no cost at one of Appellants' facilities. Ultimately, the trial court found that "[although there apparently remains a question of fact as to the duration of the bailment agreement, the parties do not dispute the fact that a verbal bailment agreement was entered into regarding the storage of the EPE." (Emphasis omitted.)
 {¶ 11} The trial court also determined that the applicable statute of limitations for the situation at hand was two years; the statute of limitations for a bailment agreement as provided by R.C. 2305.10. Finally, the trial court found "that the appropriate time frame for starting the statute of limitations is 2004, the date Plaintiff was notified by letter to make arrangements for the removal of the EPE from the Winston storage site." The trial court then cited Houser v. OhioHistorical Soc. (1980), 62 Ohio St.2d 77, and found that "[Nelson] had two years from the 2004 notification time frame to bring his bailment suit."
 {¶ 12} Nelson alleged in his "motion for relief from judgment" that the trial court should "reverse the summary judgment rendered in favor of [Appellants]." Nelson further alleged that such relief should be granted because the trial court found that he had not supported his *Page 5 
contention that he did not receive notice from Appellants that the property in question was to be removed. However, Nelson asserted that he had never received such notice in an affidavit that was time stamped by the clerk of courts, but which was not part of the trial court record. Nelson also argued that the statute of limitations should not have started to run until he had received "actual notice of [Appellants'] unilateral attempt to amend their bailment contract found by the Court to exist[.]" In Nelson's reply to Appellants' opposition to his motion for relief from judgment, Nelson furthered the arguments made in his original motion for relief from judgment and alleged that the affidavit in question "provides the grounds for the requested relief from judgment."
 {¶ 13} However, in the case at hand, Nelson only asserts that the trial court made a mistake. Because Nelson failed to provide more than the allegation that he believed the trial court made a mistake, his argument in his motion for relief from judgment was not a proper basis for relief under Civ. R. 60(B) because it was nothing more than an attempt to substitute the motion for an appeal. Accordingly, Appellants' first and second assignments of error are sustained.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN VACATING APPELLANT'S VOLUNTARY DISMISSAL WITHOUT PREJUDICE."
 {¶ 14} Appellants argue that the trial court erred in vacating their notice of dismissal of Winston's counterclaim. This Court agrees.
 {¶ 15} The Supreme Court of Ohio has found that "[o]nce [a] plaintiff[] file[s] a notice of dismissal, no action remains pending before the court, and generally the court is without jurisdiction to modify the dismissal." Logsdon v. Nichols (1995), 72 Ohio St.3d 124,126, citing State ex rel. Hunt v. Thompson (1992), 63 Ohio St.3d 182. In addition, once a party files a notice *Page 6 
of dismissal pursuant to Civ. R. 41(A)(1)(a), a claim is treated as if it had never commenced. Sturm v. Sturm (1991), 61 Ohio St.3d 298, 302. Furthermore, "[t]he provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim." Civ. R. 41(C).
 {¶ 16} In the case at hand, subsequent to the trial court's grant of summary judgment in their favor, Appellants filed a notice of voluntary dismissal pursuant to Civ. R. 41(A)(1)(C). The notice of dismissal was filed a day after Nelson filed his motion for relief from judgment. Nelson claims that vacation of the voluntary dismissal was equitable because he "believes that the trial Court only entered its vacation of [] Appellants' dismissal after their attorney agreed to the trial Court's suggestion that such an order would relieve his clients of the burden and expense of refilling [sic] their counterclaim." However, Appellants argue they had "specifically told the trial court that it did not want to vacate the dismissal."
 {¶ 17} Nelson concedes in his brief that Appellants' arguments were a "generally an accurate recitation of the law[,]" but that the events of the situation "warrant[] the creation of an exception to this general rule." However, Nelson cites no law to support his position that a new exception should be created.
 {¶ 18} Ultimately, Appellants' notice of voluntary dismissal had been filed, and at that point the trial court was without jurisdiction to vacate the Appellants' dismissal. Therefore, the trial court erred when it vacated the notice of voluntary dismissal filed by Appellants. Accordingly, Appellants' third assignment of error is sustained.
 III. {¶ 19} Appellants' first, second, and third assignments of error are sustained, and the judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this opinion. *Page 7 
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
MOORE, J. BAIRD, J. CONCUR