[Cite as *Children's Hosp. v. Paluch*, 2012-Ohio-4137.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CHILDREN'S HOSPITAL

    Appellee

    v.

WILLIAM PALUCH

    Appellant

C.A. No.    26189

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    10 CVF 1549

DECISION AND JOURNAL ENTRY

Dated: September 12, 2012

BELFANCE, Judge.

{¶1} Defendant-Appellant William Paluch has attempted to appeal from decisions of the Barberton Municipal Court. For the reasons set forth below, we vacate certain orders of the trial court and dismiss this appeal.

I.

{¶2} On July 2, 2010, Plaintiff-Appellee Children's Hospital Medical Center ("Akron Children's Hospital") filed a complaint to collect $512.80 plus interest for medical services it allegedly provided to Mr. Paluch's children, which he had refused to pay. Mr. Paluch answered denying the allegations.

{¶3} Subsequently, Akron Children's Hospital moved for summary judgment. Despite granting Mr. Paluch a 60-day extension of time to respond to Akron Children's Hospital's motion for summary judgment, on September 27, 2010, the trial court granted Akron Children's Hospital's motion for summary judgment prior to the expiration of that extended deadline.

Thereafter, Mr. Paluch filed a motion to vacate the trial court's grant of summary judgment based upon its premature ruling.

{¶4} On November 23, 2010, after seeking leave, Akron Children's Hospital filed an amended complaint asserting the medical services were provided to Mr. Paluch as opposed to his children. Mr. Paluch filed an answer denying the allegations. Again after seeking and receiving leave, Akron Children's Hospital filed another motion for summary judgment. Mr. Paluch responded in opposition. A hearing was scheduled for September 14, 2011. On September 16, 2011, the trial court vacated the original grant of summary judgment. In the same entry, it entered summary judgment in favor of Akron Children's Hospital on its second motion for summary judgment.

{¶5} Thereafter, Mr. Paluch filed a motion to vacate the second grant of summary judgment and a separate motion seeking findings of fact and conclusions of law. The trial court denied Mr. Paluch's motion to vacate on October 7, 2011, and his motion for findings of fact and conclusions of law on October 26, 2011. Mr. Paluch filed a notice of appeal on November 22, 2011.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE WEIGHT OF THE EVIDENCE AS REFLECTED IN THE RECORD IN DEFENDANT-APPELLANT'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO PROVIDE A FINDING OF FACTS AND CONCLUSIONS OF LAW BY SUMMARILY DENYING DEFENDANT-APPELLANT'S MOTION FOR A FINDING OF FACTS AND CONCLUSIONS OF LAW.

{¶6} Mr. Paluch challenges the trial court's grant of summary judgment to Akron Children's hospital in his first assignment of error and challenges the trial court's denial of his motion for findings of fact and conclusions of law in his second assignment of error. For reasons discussed below, we do not reach the merits of his arguments.

{¶7} This Court is required to raise, sua sponte, issues involving its jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co.,* 29 Ohio St.2d 184, 186 (1972). "Even if a trial court's journal entry is a judgment or final order, it is not appealable if it does not comply with the rules prescribed by the Ohio Supreme Court regarding the timing of appeals." *Zaffer v. Zaffer,* 9th Dist. No. 10CA009884, 2011-Ohio-3625, ¶ 3.

{¶8} App.R. 4(A) provides that:

[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.

{¶9} "App.R. 4(A) thus contains a tolling provision that applies in civil matters when a judgment has not been properly served on a party according to Civ.R. 58(B)." *In re Anderson*, 92 Ohio St.3d 63, 67 (2001).

Civ.R. 58(B) requires the court to endorse on its judgment a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. The clerk must then serve the parties within three days of entering judgment upon the journal. The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B).

(Internal quotations and citation omitted.) *Id.*

{¶10} Mr. Paluch's appeal raises arguments concerning the entry granting summary judgment and vacating the prior entry of summary judgment filed on September 16, 2011, and

the entry denying his motion for findings of fact and conclusions of law filed on October 26, 2011. It is clear that Mr. Paluch filed his notice of appeal more than thirty days after the trial court issued its September 16, 2011 entry. Thus, at first glance, Mr. Paluch's appeal from this entry would appear untimely. However, "the trial court never endorsed upon the judgment entry the required direction to the clerk to serve upon all the parties * * * notice of the judgment and its date of entry upon the journal pursuant to Civ.R. 58(B)." *Id.* While the trial court did place a "cc: Plaintiff/Atty.[,]" "Defendant[,]" and "File[,]" on the judgment entry, such is not sufficient to satisfy the trial court's notification requirement under Civ.R. 58(B). Accordingly, Mr. Paluch's appeal from the September 16, 2011 entry is timely. *See id.*

**{¶11}** Nonetheless, there are procedural issues that prevent us from addressing the merits of Mr. Paluch's appeal because a portion of the September 2011 entry and the October 2011 entries are nullities. The trial court originally granted summary judgment in favor of Akron Children's Hospital based upon its first motion for summary judgment on September 27, 2010. That entry was a final judgment. "This Court has consistently treated actions taken by the trial court subsequent to the entry of a final judgment that are not within the scope of the Ohio Rules of Civil Procedure as void." *Allstate Ins. Co. v. Witta*, 9th Dist. No. 25738, 2011-Ohio-6068, ¶ 9.

**{¶12}** During the year prior to ruling on Mr. Paluch's motion to vacate the September 2010 judgment, the trial court implicitly granted Akron Children's Hospital's motion for leave to file an amended complaint by granting its motion for leave to file a motion for summary judgment on the amended complaint. There is no authority which allows an amended complaint or a motion for summary judgment on that amended complaint to be filed when there is a final judgment still in place. Because the matter was subject to a final judgment, the trial court did not

have authority to grant leave, and Akron Children's Hospital did not have authority to file an amended complaint or motion for summary judgment based upon the amended complaint. *See id.* at ¶ 9; *see also Pitts v. Ohio Dept. Transp.*, 67 Ohio St.2d 378, 382 (1981), fn. 2 (noting that both a motion for reconsideration and a ruling on it filed after a final judgment are nullities). Thus, at the time the trial court granted Mr. Paluch's motion to vacate and simultaneously granted Akron Children's Hospital's motion for summary judgment on the amended complaint, the amended complaint and second motion for summary judgment were not properly before the trial court, rendering its second grant of summary judgment void. *See Witta* at ¶ 9. However, a portion of the September 16, 2011 judgment entry is not void. Because the trial court had authority pursuant to Civ.R. 60(B) to grant Mr. Paluch's motion to vacate the September 2010 judgment, that portion of the September 2011 entry which grants Mr. Paluch's motion to vacate the September 2010 entry is not void. *See id.* at ¶ 8. Nonetheless, because the portion of the September 16, 2011 entry that granted Akron Children's Hospital's second motion for summary judgment is void, any entries that flowed from it, such as the trial court's October 7, 2011 denial of Mr. Paluch's motion to vacate the second summary judgment motion and the October 26, 2011 denial of his motion for findings of fact and conclusions of law, are also void. *Id.* In summary, given the void entries, the September 27, 2010 entry granting summary judgment to Akron Children's Hospital on its original complaint was vacated by the trial court, and the September 2011 grant of summary judgment based upon Akron Children Hospital's amended complaint is void.

{¶13} As all of the arguments Mr. Paluch raises on appeal assert error in rulings which are void, we are without authority to rule on them. Accordingly, we vacate the portion of the

September 16, 2011 entry that granted Akron Children's Hospital's second motion for summary judgment and any entries that flowed from it.

### III.

{¶14} Because the portion of the September 16, 2011 entry that granted Akron Children's Hospital's second motion for summary judgment and any entries that flowed from it are void, we vacate those entries and dismiss the appeal.

Judgment vacated,
and appeal dismissed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, P. J.
CONCURRING IN PART AND DISSENTING IN PART.

{¶15} I concur in the majority's conclusion that the portion of the September 16, 2011 entry that granted the hospital's second motion for summary judgment is void and must be vacated. The trial court lacked jurisdiction to address any substantive issues in the case beyond Mr. Paluch's motion to vacate pursuant to Civ.R. 60(B), because it had fully resolved all pending claims when it granted summary judgment in favor of the hospital. *See Ulrich v. Mercedes-Benz, USA, L.L.C.*, 9th Dist. No. 25929, 2012-Ohio-1623, ¶ 11 (recognizing that a trial court may not modify a final judgment), and *Allstate Ins. v. Witta*, 9th Dist. No. 25738, 2011-Ohio-6068, ¶ 8 (recognizing that, in the absence of an appeal or void judgment, a party may only seek relief from judgments by motions pursuant to Civ.R. 60(B), Civ.R. 50(B), and Civ.R. 59). Accordingly, the trial court lacked the jurisdiction to grant leave to the hospital to file an amended complaint after it had rendered summary judgment in favor of the hospital on its initial complaint, because any disposition of an amended complaint would necessarily modify its prior final judgment. Therefore, no amended complaint, nor any motion arising out of that amended complaint, was pending before the trial court when it purported to grant the hospital's second motion for summary judgment. Accordingly, I agree that the order granting summary judgment to the hospital on its amended complaint is void and must be vacated.

{¶16} I dissent from the majority's conclusion that this Court must dismiss Mr. Paluch's appeal on the basis that we are without authority to rule on the trial court's void orders. This Court has the authority to conclude that a trial court order is void for lack of jurisdiction. Based upon that conclusion, the proper disposition for this Court is to vacate the trial court's order or reverse and remand with instructions for the trial court to vacate its void order. *See, e.g., Homeside Lending, Inc. v. Crise*, 9th Dist. No. 03CA008240, 2003-Ohio-5776, ¶ 4. By

dismissing the appeal, however, the majority's conclusion that the trial court's ruling on the second motion for summary judgment is void is rendered meaningless. I cannot even say that it is merely advisory because our dismissal has deprived us of any voice in the matter. I would conclude that the trial court's order granting the hospital's second motion for summary judgment is void and I would remand the matter to the trial court with instructions to vacate that portion of its September 16, 2011 entry.

DICKINSON, J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

INTRODUCTION

{¶17} I would dismiss this attempted appeal because this Court does not have jurisdiction to hear it. I write separately to clarify my disagreement with the lead opinion's analysis. First, I disagree with the lead opinion's analysis of the September 16, 2011, entry because no part of that entry is void and the time for appealing it was not tolled. Second, I believe that a trial court satisfies its duty under Rule 58(B) of the Ohio Rules of Civil Procedure by writing "cc: Plaintiff/Atty.," "Defendant," and "File" at the bottom of a judgment or final order. And third, I do not believe that it makes a difference whether that part of Civil Rule 58(B) was satisfied in this case because Appellate Rule 4(A) does not toll the time for appeal if notice of a final judgment is served within three days of its journalization, even if the trial court fails to direct the clerk to serve it. Because Mr. Paluch failed to timely appeal the trial court's final judgment of September 27, 2010, or its entry of September 16, 2011, and attempted to appeal a subsequent entry that was not appealable, this Court lacks jurisdiction to consider his attempted appeal.

## BACKGROUND

**{¶18}** Akron Children's Hospital sued William Paluch over a bill for medical services that the hospital alleged had been rendered to his "child(ren)." Mr. Paluch, acting pro se, denied the allegations and sought an extension of "no less than 60 days from August 20, 2010," to oppose the hospital's motion for summary judgment. The trial court granted the extension on August 23, 2010, but then granted the hospital's summary judgment motion on September 27, 2010, before Mr. Paluch had responded. The court's September 27, 2010, judgment lacks any direction to the clerk to serve notice on the parties in accordance with Rule 58(B) of the Ohio Rules of Civil Procedure.

**{¶19}** The trial court's docket reflects that, on September 27, 2010, "Plaintiff's motion for summary judgment [was] granted[.]" It also reflects that, on that same date, despite the trial court's failure to instruct the clerk to serve a Civil Rule 58(B) notice on the parties, the clerk in fact sent a document captioned "Notice of Dismissal or Judgment Filed" to the hospital's lawyer and an identical one to Mr. Paluch. The notice provides that, "[i]In accordance with Civil Rule 58B, notice is hereby given that a dismissal or judgment entry was filed on 09/27/2010. Any party that would like to file an appeal must do so within thirty (30) days of 09/27/2010."

**{¶20}** Seven days after summary judgment was entered against him, Mr. Paluch moved the trial court to vacate that judgment. The trial court never ruled on that motion. Instead, the hospital sought leave to amend its complaint to allege that the services it rendered were to Mr. Paluch rather than to one or more of his children. Although there is no evidence in the record that the trial court ever granted the hospital leave to do so, the hospital filed an amended complaint in November 2010. The trial court seems to have permitted the hospital to re-litigate the case from that point, including granting leave for a second motion for summary judgment.

{¶21}  On September 16, 2011, the trial court purported to vacate its original entry of summary judgment in favor of the hospital and simultaneously re-enter summary judgment for the hospital based on the amended complaint and the second motion for summary judgment.  The trial court made no mention of ruling on any other pending motions at that time.  After writing that it vacated its prior summary judgment and noting that Mr. Paluch had failed to appear for the hearing on the second motion for summary judgment, the trial court purported to re-enter summary judgment in favor of the hospital.  Mr. Paluch has attempted to appeal, challenging the trial court's September 16, 2011, order granting the second motion for summary judgment and its subsequent denial of his motion for findings of fact and conclusions of law.

FINAL JUDGMENT:  SEPTEMBER 27, 2010

{¶22}  The trial court's entry of September 27, 2010, granted summary judgment to the hospital.  It completely disposed of the only claim in the complaint in favor of the only plaintiff and against the only defendant, making that entry immediately appealable.  *See* R.C. 2505.03(A).  Even if the clerk had failed to comply with Rule 58(B) of the Ohio Rules of Civil Procedure in serving notice of that entry on the parties, that failure would not have affected the finality of the trial court's judgment, although it might have tolled the time for appeal.  *See* Civ. R. 58(B) ("The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).").  Thus, the trial court's entry of September 27, 2010, was a final judgment that was immediately appealable.  The trial court purported to vacate that entry the following September, but it had no ability to do so.  The only way that a trial court may sua sponte modify a final judgment is through the use of Rule 60(A) of the Ohio Rules of Civil Procedure to correct a clerical mistake.  *Mathias v. Dutt*, 9th Dist. No.

20577, 2002 WL 242108, *1 (Feb. 20, 2002); Civ. R. 60(A). The trial court's effort, on September 16, 2011, to vacate its final judgment was not an attempt to fix a clerical error.

{¶23} A trial court may also substantively modify its own grant of summary judgment via a party's motion for relief from judgment under Civil Rule 60(B). *See Pitts v. Ohio Dep't of Transp.*, 67 Ohio St. 2d 378, 380 (1981). The lead opinion concludes that the part of the trial court's September 2011 entry that "grants Mr. Paluch's motion to vacate the September 2010 entry is not void" because the trial court had authority under Civil Rule 60(B) to grant the pending motion. I disagree with the conclusions that Mr. Paluch's motion to vacate gave the trial court authority to vacate its final judgment and that the trial court granted a motion for relief from judgment on September 16, 2011.

THE TRIAL COURT DID NOT GRANT A CIVIL RULE 60(B) MOTION

{¶24} Even reading Mr. Paluch's motion to vacate broadly in deference to his status as a pro se litigant, I do not agree that his request to the court to vacate the first summary judgment order can be reasonably construed as a motion for relief from judgment under Civil Rule 60(B), nor do I see any indication in the record that the trial court construed it as such. Mr. Paluch's motion is more appropriately construed as a motion to reconsider a final judgment, which is a nullity. *Pitts v. Dep't of Transp.*, 67 Ohio St. 2d 378, 380 (1981).

{¶25} In the motion, Mr. Paluch did not cite Civil Rule 60(B), but did ask the court to vacate its summary judgment ruling "based upon an inadvertent mistake." The "mistake" Mr. Paluch pointed to was that, after granting him an extension of time to respond in opposition to the summary judgment motion, the trial court ruled on it before his extended deadline had passed. This Court has held that mistakes made by the trial court are not the type of "[m]istakes" contemplated by Civil Rule 60(B). *Culgan v. Miller*, 9th Dist. No. 10CA0074-M, 2011-Ohio-

6194, ¶ 13. A trial court's mistake is not a proper basis for a motion for relief from judgment under Civil Rule 60(B) because such a motion is "nothing more than an attempt to substitute the [Civil Rule 60(B)] motion for an appeal." *Id.* at ¶ 12 (quoting *Nelson v. Angley*, 9th Dist. No. 24390, 2009-Ohio-1050, ¶ 13).

{¶26} Further, I do not see any indication in the record that the trial court construed the motion as one seeking relief from judgment under Civil Rule 60(B) or that it purported to rule on that motion eleven months after it was filed. The record indicates that a hearing was held on September 14, 2011, but Mr. Paluch failed to appear. The trial court then purported to grant summary judgment to the hospital on its amended complaint and second motion for summary judgment, but before doing so, the court wrote "[o]riginal summary judgment vacated." It did not write that it was granting Mr. Paluch's pending motion, which it had construed as one for relief from judgment under Civil Rule 60(B). It did not write that it was granting any motion, other than the hospital's second motion for summary judgment. It simply attempted to sua sponte vacate its own final judgment. Such an attempt is trial court error, which, had it been timely appealed, would have been reviewable by this Court. *See, e.g., First Merit Bank NA v. Crouse*, 9th Dist. No. 06CA008946, 2007-Ohio-2440, ¶ 20. Even if the trial court's entry of September 2011 could be read as an attempt to grant the pending motion to vacate the prior final judgment, that attempt would be a nullity because the motion to vacate was nothing more than an impermissible motion for reconsideration. *Pitts v. Ohio Dep't of Transp.*, 67 Ohio St. 2d 378, 381 (1981). Thus, the trial court entered final judgment on September 27, 2010, but that entry was not timely appealed.

JURISDICTION OF ENTRIES MR. PALUCH ATTEMPTED TO APPEAL

{¶27} According to his assignments of error, Mr. Paluch has attempted to appeal the September 16, 2011, re-entry of summary judgment and the trial court's October 26, 2011, denial of his motion for findings of fact and conclusions of law. He filed his notice of appeal on November 22, 2011. The lead opinion concludes that the September 16, 2011, entry of summary judgment is void because it was based on an amended complaint and second motion for summary judgment that "were not properly before the trial court" because they were filed after the trial court's initial grant of summary judgment and before it purported to vacate that judgment. This seems to be based on the idea that the trial court lost subject-matter jurisdiction when it entered summary judgment in September 2010. In support of the proposition that the trial court's second entry of summary judgment is void, as opposed to voidable as trial court error, the lead opinion cites a Supreme Court case about motions for reconsideration after final judgment and a 2011 case from this Court in which I concurred. *See Pitts v. Ohio Dep't of Transp.*, 67 Ohio St. 2d 378, 381-82 n.2 (1981); *Allstate Ins. Co. v. Witta*, 9th Dist. No. 25738, 2011-Ohio-6068, ¶ 9. To the extent that the lead opinion's citation to *Pitts* is intended to imply that anything filed by parties after final judgment that is outside the scope of the Civil Rules must be construed as a motion for reconsideration and rendered a nullity, I disagree. I believe that *Pitts* is properly limited to holding that a motion for reconsideration of a final judgment in a trial court is a nullity as are all judgments or final orders flowing from it. *Pitts*, 67 Ohio St. 2d at 379.

{¶28} In the absence of a trial, the Ohio Rules of Civil Procedure do not provide a mechanism for amending a complaint after final judgment has been rendered. Civ. R. 15(B); *See State, ex rel. Pendell v. Adams County Bd. of Elections*, 40 Ohio St. 3d 58, 61 (1988).

Therefore, the trial court incorrectly allowed the hospital to amend its complaint and move for summary judgment on the amended complaint after entering summary judgment. It does not follow, however, that each document the parties filed after summary judgment is a nullity.

{¶29} The Ohio Supreme Court has explained that a judgment is not void if the court had both subject-matter jurisdiction and personal jurisdiction to enter it. *Pratts v. Hurley*, 102 Ohio St. 3d 81, 2004-Ohio-1980, ¶ 12. "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '. . . the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred . . . .'" *Id.* at ¶ 12 (quoting *State ex rel. Pizza v. Rayford*, 62 Ohio St. 3d 382, 384 (1992)). Although a judgment rendered without personal jurisdiction is also void, unlike subject-matter jurisdiction, an objection to the lack of personal jurisdiction may be waived. *State ex rel. DeWine v. 9150 Group L.P.*, 9th Dist. No. 25939, 2012-Ohio-3339, ¶ 6; *State ex rel. Bond v. Velotta Co.*, 91 Ohio St. 3d 418, 419 (2001) (providing that subject-matter jurisdiction may not be waived). Thus, a party may challenge a final judgment at any time as void for lack of personal jurisdiction only if he has not made an appearance in the matter. *DeWine*, 2012-Ohio-3339, at ¶ 7. Otherwise, "[i]t is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable." *Pratts*, 2004-Ohio-1980, at ¶ 12 (quoting *State v. Parker*, 95 Ohio St. 3d 524, 2002-Ohio-2833, ¶ 22 (Cook, J., dissenting)).

{¶30} "Subject-matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case." *State v. Swiger*, 125 Ohio App. 3d 456, 462 (1998), abrogated on other grounds by *State v. Hutton*, 100 Ohio St. 3d 176, 2003-Ohio-5607, ¶ 41-42. "Because subject matter jurisdiction

goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley*, 102 Ohio St. 3d 81, 2004-Ohio-1980, ¶ 11 (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). "It is a 'condition precedent to the court's ability to hear the case. If a court acts without [such] jurisdiction, then any proclamation by that court is void.'" *Id.* (quoting *State ex rel. Jones v. Suster*, 84 Ohio St. 3d 70, 75 (1998)).

{¶31} "The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." *Pratts v. Hurley*, 102 Ohio St. 3d 81, 2004-Ohio-1980, ¶ 12 (quoting *State v. Parker*, 95 Ohio St. 3d 524, 2002-Ohio-2833, ¶ 22 (Cook, J., dissenting)). Jurisdiction of the particular case has also been referred to as "the 'exercise' of jurisdiction." *State v. Wilfong*, 2d Dist. No. 2000-CA-75, 2001 WL 256326, *3 (Mar. 16, 2001). "If a trial court improperly exercised its jurisdiction, any defects in judgment would be rendered voidable, not void." *Id.*; *Pratts*, 2004-Ohio-1980, at ¶ 12 (quoting *Parker*, 2002-Ohio-2833, at ¶ 22 (Cook, J., dissenting)). "[If] jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void . . . . Jurisdiction to make a determination is not dependent on the correctness of the determination made." *Wilfong*, 2001 WL 256326, at *4 (quoting *In the Matter of Waite*, 188 Mich. App. 189, 200 (1991)). As a municipal court, the trial court in this matter had subject-matter jurisdiction over this breach of contract claim and, for the reasons explained above, contrary to this Court's holding in *Witta*, the municipal court cannot "lose" subject-matter jurisdiction by entering final judgment. *See* R.C. 1901.18(A). Thus, the trial court's second entry of summary judgment on September 16, 2011, is voidable, not void. Because Mr. Paluch did not file his notice of appeal

within thirty days of its entry upon the journal, this Court lacks jurisdiction to consider the merits of his arguments in regard to that entry unless the time for appealing it was delayed under Rule 4 of the Ohio Rules of Appellate Procedure. *Metro. Bank & Trust Co. v. Roth*, 9th Dist. No. 21174, 2003-Ohio-1138, at ¶ 15.

### CIVIL RULE 58(B) AND APPELLATE RULE 4(A)

**{¶32}** I disagree with the conclusion of the lead opinion regarding Civil Rule 58(B) and Appellate Rule 4(A). I believe that the lead opinion has elevated form over substance by apparently concluding that a trial court's failure to direct the clerk to serve notice of a final judgment will toll the time for appeal regardless of whether that service was actually completed within three days of journalization as Civil Rule 58(B) requires. Such a conclusion is at odds with Supreme Court precedent and the plain language of Appellate Rule 4(A).

**{¶33}** The lead opinion's analysis turns on whether the trial court satisfied its duty under Civil Rule 58(B) to direct the clerk to serve notice of the judgment. It does not consider whether service was actually accomplished within three days as required by Civil Rule 58(B). Further, it is Appellate Rule 4(A), not Civil Rule 58(B), that tolls the time for appeal. I would hold that, if service of notice of a final judgment is completed within the three-day period prescribed by Civil Rule 58(B), then, under Appellate Rule 4(A), failure of the trial court to direct the clerk to serve such notice is harmless error. *See State ex rel. Hughes v. Celeste*, 67 Ohio St. 3d 429, 431 (1993) ("App.R. 4(A), by its clear language . . . tolls the time period for filing a notice of appeal only if service is not made within the three-day period of Civ.R. 58(B).").

**{¶34}** Civil Rule 58(B) was developed to ensure parties would receive notice of service of final judgments because, as the Ohio Supreme Court put it, "[t]he opportunity to file a timely appeal . . . is rendered meaningless when reasonable notice of an appealable order is not given."

*Moldovan v. Cuyahoga County Welfare Dep't*, 25 Ohio St. 3d 293, 295 (1986). "[Civil Rule] 58(B) requires the court to endorse on its judgment 'a direction to the clerk to serve upon all parties . . . notice of the judgment and its date of entry upon the journal.'" *In re Anderson*, 92 Ohio St. 3d 63, 67 (2001) (quoting Civ.R. 58(B)). "The clerk must then serve the parties within three days of entering judgment upon the journal." *Id.* "The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B)." *Id.* (quoting *Whitehall ex rel. Fennessy v. Bambi Motel Inc.*, 131 Ohio App. 3d 734, 741 (10th Dist. 1998)). As noted previously, Civil Rule 58(B) provides that "[t]he failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)."

{¶35} Under Rule 4(A) of the Ohio Rules of Appellate Procedure, "[a] party shall file the notice of appeal . . . within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." According to the plain language of the rule, the appeal time does not toll unless, in a civil case, "service is not made on the party within the three day period [provided by Civil] Rule 58(B)[.]" *See State ex rel. Hughes v. Celeste*, 67 Ohio St. 3d 429, 431 (1993). Conversely, then, if "service is . . . made on the party within the three day period [from journalization of the entry]" then the appeal time is not tolled. App. R. 4(A); *see also Conley v. Conley*, 4th Dist. No. 00 CA 17, 2000 WL 772701, *1 (June 13, 2000) ("Thus, if the notice of judgment is served within three days of entering the judgment on the journal, the appeal time begins to run as of that date.").

{¶36} Appellate Rule 4(A), which governs the time for appeal, does not mention compliance with the dictates of Civil Rule 58(B) except to provide that "service" must be "made on the party within the three day period[.]" It says nothing of the trial court's duty to "endorse" on the judgment "a direction to the clerk to serve" the parties. Civ. R. 58(B). According to Appellate Rule 4(A), the only failure that tolls the time for appeal is a failure to serve notice of a judgment within the allotted time. Further, the Ohio Supreme Court has held that, "[i]n those cases in which both Civ.R. 58(B) and App.R. 4(A) are applicable, if service of the notice of judgment and its entry is made within the three-day period of Civ.R. 58(B), the appeal period begins on the date of judgment, but if the appellants are not served with timely notice, the appeal period is tolled until the appellants have been served." *State ex rel. Sautter v. Grey*, 117 Ohio St. 3d 465, 2008-Ohio-1444, ¶ 16. Therefore, I would hold that, in civil cases in which service of notice of the judgment is made within the three-day period provided by Civil Rule 58(B), the appeal time begins to run on the date of entry of the judgment appealed.

{¶37} That interpretation comports with the Ohio Supreme Court's reading of the two rules. The Supreme Court has held that, even in the absence of any indication that the clerk of court served notice of the judgment on the parties, the "defect does not toll the running of the time for appeal . . . unless no service is effected within three days." *State ex rel. Hughes v. Celeste*, 67 Ohio St. 3d 429, 431 (1993). In *Hughes*, the record showed that the entry was journalized, but did not include any indication that the clerk had served notice on the parties. Apparently, the clerk did not serve notice of the peremptory writ until the court ordered it to do so seven months after the judgment had been journalized. Notwithstanding the lack of service by the clerk, the Supreme Court held that the Governor of Ohio was bound by the trial court's peremptory writ because he failed to timely appeal. *Id.* The Court based its decision on

evidence that the opposing lawyer had served the writ on the Governor's lawyer according to Rule 5(B) of the Ohio Rules of Civil Procedure on the day the writ was issued. *Id.* Although "[t]he task of service of notice of a judgment thus normally befalls the court clerk . . . [Civil Rule] 58(B) . . . provides . . . that '[t]he failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in [Appellate Rule] 4(A)." *Id.* (quoting Civ. R. 58(B)). The Supreme Court noted that Civil Rule 5(B) provides that "service may be made 'by delivering a copy to the person to be served . . . ." *Id.* (quoting Civ. R. 5(B)). Thus, the Court determined that Appellate Rule 4(A) would not operate to toll the appeal time in that matter, despite the lack of strict compliance with the mandatory language of Rule 58(B) requiring the clerk to "serve the parties" and "note the service in the appearance docket." Because there was evidence that the appellant had been served according to Civil Rule 5(B) within the three-day period prescribed by Civil Rule 58(B), the Ohio Supreme Court held the appeal time was not tolled. *Id.*

JURISDICTION OF ENTRY OF SEPTEMBER 16, 2011

**{¶38}** Mr. Paluch's first assignment of error relates to the trial court's second entry of summary judgment on September 16, 2011. I do not agree with the conclusion that the appeal time from the September 2011 entry is tolled because the trial court failed to properly direct the clerk of court to serve the parties with notice of it. As discussed above, Appellate Rule 4(A) does not toll the time for appeal in civil cases in which notice of the judgment was served on the parties within three days of journalization. App. R. 4(A); *State ex rel. Sautter v. Grey*, 117 Ohio St. 3d 465, 2008-Ohio-1444, ¶ 16 ("[i]n those cases in which both Civ.R. 58(B) and App.R. 4(A) are applicable, if service of the notice of judgment and its entry is made within the three-day period of Civ.R. 58(B), the appeal period begins on the date of judgment[.]"); *State ex rel.*

*Hughes v. Celeste*, 67 Ohio St. 3d 429, 431 (1993); *Vadas v. Caniglia*, 8th Dist. No. 79963, 2002 WL 598319, *2 (Apr. 18, 2002) (in reliance on *In re Anderson*, holding that, because clerk served notice to the parties within three days of journalization of the judgment, appeal time was not tolled, despite lack of direction from trial court to clerk to serve notice of judgment).

{¶39} Even if the trial court's failure to direct the clerk to serve notice of the judgment could toll the appeal time, I would hold that the notation the trial court put on the September 2011 entry was sufficient under Civil Rule 58(B). The trial court wrote below the signature line on the September 16, 2011, entry "cc: Plaintiff/Atty.," "Defendant," and "File." Because the notation "cc:" is generally recognized as shorthand for "carbon copy," I agree with the Fourth District Court of Appeals that this notation on the journal entry is sufficient to satisfy Civil Rule 58(B)'s requirement that the trial court "endorse thereon a direction to the clerk to serve upon all parties . . . notice of the judgment and its date of entry upon the journal." *See In re Aldridge*, 4th Dist. No. 02CA2661, 2002-Ohio-5988, at ¶ 13; *In re B.M.R.*, 2d Dist. Nos. 2005 CA 1, 2005 CA 18, 2005-Ohio-5911, ¶ 5. I also agree with the Fourth District, however, that "the better practice" is for the trial court "to specifically direct the clerk to serve the parties in accordance with [Civil Rule] 58(B)." *Aldridge*, at ¶ 13.

{¶40} I would hold that, because service was completed within the three-day period provided by Civil Rule 58(B), it does not matter whether the trial court directed the clerk to serve notice of the judgment and, under Appellate Rule 4(A), Mr. Paluch's thirty-day window for filing an appeal from the trial court's entry of September 16, 2011, began to run on September 16, 2011. He did not file his notice of appeal until late November 2011. I would dismiss his first assignment of error on that basis.

JURISDICTION OF ENTRY OF OCTOBER 26, 2011

{¶41} Mr. Paluch's second assignment of error relates to the trial court's denial of the motion for findings of fact and conclusions of law that he filed following the second entry of summary judgment. There are some exceptions to the thirty-day rule for filing a notice of appeal. Under Rule 4(B)(2) of the Ohio Rules of Appellate Procedure, "the time for filing a notice of appeal from the judgment or final order . . . begins to run . . . when the trial court enters an order resolving the last of [certain] post-judgment filings." One such post-judgment filing is a request for findings of fact and conclusions of law under Civil Rule 52. App. R. 4(B)(2)(d). According to Appellate Rule 4(B)(2), if one of these motions is "timely" filed and "appropriate," it will delay the time for filing an appeal.

{¶42} "Although this Court has held that pro se litigants 'should be granted reasonable leeway' in the construction of their pleadings and motions in order to ensure that courts address issues on their merits if possible, 'a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound.'" *Nagel v. Nagel*, 9th Dist. No. 09CA009704, 2010-Ohio-3942, at ¶ 38 (quoting *Smith v. Downs*, 9th Dist. No. 25021, 2010–Ohio–2571, at ¶ 7). Mr. Paluch moved the trial court for findings of fact and conclusions of law on October 14, 2011. That motion was neither "timely" nor "appropriate" as required by Appellate Rule 4(B) to delay the time for appealing the September 16 entry of summary judgment. It was not timely because such a motion must be filed within seven days of the entry of judgment. Civ. R. 52. It was not appropriate because a motion for findings of fact and conclusions of law is only appropriate "[w]hen questions of fact are tried by the court without a jury." *Id.* Summary judgment is a mechanism for entering judgment without a trial when "there is no genuine issue as to any

material fact" to be decided. Civ. R. 56(C). Further, Civil Rule 52 provides that motions for findings of fact and conclusions of law are "unnecessary" in regard to the entry of summary judgment. Civ. R. 52 ("Findings of fact and conclusions of law required by this rule. . . . are unnecessary upon all other motions including those pursuant to . . . Rule 56."). Thus, no exception applies to delay the appeal time provided by Appellate Rule 4(A).

{¶43} Although Mr. Paluch filed his notice of appeal within 30 days of the trial court's entry denying his motion for findings of fact and conclusions of law, no appeal lies from that order. Mr. Paluch cannot separately appeal the trial court's denial of the motion for findings of fact and conclusions of law because the denial of such a motion, deemed "unnecessary" by the Civil Rules, did not affect a substantial right and was not, therefore, a "final order" under Section 2505.02(B). For these reasons, I would dismiss the attempted appeal.

CONCLUSION

{¶44} I would conclude that this Court lacks jurisdiction to consider the arguments made in regard to the trial court's order of September 16, 2011, because it was not timely appealed. The time for appeal was not tolled, as the lead opinion has concluded, due to a faulty notation from the court to the clerk to serve notice of the judgment. Further, no part of the September 2011 entry was a nullity because the trial court never ruled on the motion for reconsideration that Mr. Paluch filed after final judgment and the trial court never "lost" subject-matter jurisdiction to hear this contract claim. We have no jurisdiction to consider the October 26, 2011, entry because, although the notice of appeal was timely filed in regard to that entry, the entry is not appealable because it did not affect a substantial right. Therefore, I would dismiss the attempted appeal for lack of jurisdiction.

APPEARANCES:

WILLIAM PALUCH, pro se, Appellant.

DAVID A. SED, Attorney at Law, for Appellee.