[Cite as *Bonk v. Mitchell*, 2013-Ohio-5487.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

GREGORY BONK

     Appellee

     v.

WILLIAM MITCHELL

     Appellant

C.A. No.     12CA0063-M

APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.     11CVG01010

DECISION AND JOURNAL ENTRY

Dated: December 16, 2013

HENSAL, Judge.

{¶1}  William Mitchell appeals a judgment from the Medina municipal court that entered a default judgment in favor of Gregory Bonk. He also appeals a judgment from the same court that denied his motion to set aside the default judgment. For the following reasons, this Court dismisses his appeal from the default judgment entry and affirms the denial of his motion to set aside that entry.

I.

{¶2}  In April 2011, Mr. Bonk filed a complaint for forcible entry and detainer, forfeiture of land contract, and monetary damages. At a hearing on the forcible entry and detainer claim, Mr. Mitchell acknowledged that he had received a copy of the complaint. He admitted the allegations regarding the forcible entry and detainer action, and agreed to vacate the premises.

{¶3} On June 22, 2011, Mr. Bonk moved for default judgment because Mr. Mitchell had not filed an answer as to his claims for forfeiture of the land contract and monetary damages. Two days later, the municipal court entered a default judgment in Mr. Bonk's favor. The following month, Mr. Mitchell moved to set aside the judgment under Civil Rule 60(B), arguing that he had not received proper notice under Civil Rule 55(A). His motion was referred to a magistrate, who recommended that it be denied. Mr. Mitchell objected to the magistrate's decision, but the municipal court overruled his objections, adopted the decision, and denied his motion. Mr. Mitchell then filed a notice of appeal from the judgment entry that granted Mr. Bonk's motion for default judgment as well as the journal entry that denied his motion to set aside that judgment.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR DEFAULT JUDGMENT WITHOUT SERVING THE APPELLANT, WHO HAD APPEARED IN THE CASE, WITH WRITTEN NOTICE OF A HEARING ON THE MOTION SEVEN DAYS PRIOR TO THE SCHEDULED HEARING.

{¶4} Mr. Mitchell argues that the municipal court should not have entered a default judgment for Mr. Bonk because Mr. Bonk did not comply with Civil Rule 55(A). Mr. Bonk, on the other hand, argues that this Court does not have jurisdiction over Mr. Mitchell's appeal from the entry of default judgment because Mr. Mitchell's notice of appeal was untimely. Mr. Mitchell did not file a reply brief to address Mr. Bonk's timeliness argument.

{¶5} Under Appellate Rule 4(A), "[a] party shall file [a] notice of appeal * * * within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Although the municipal court entered

judgment for Mr. Bonk on June 24, 2011, Mr. Mitchell did not file his notice of appeal from that judgment until July 18, 2012. Accordingly, we find that he did not file a notice of appeal from the municipal court's judgment until more than a year after the municipal court entered it.

{¶6} Although Mr. Mitchell filed a motion to set aside the judgment within 30 days of the court's decision, his motion did not toll the 30-day deadline for his notice of appeal. *Automatic Music & Games, Inc. v. Mertz*, 9th Dist. Lorain No. 3796, 1985 WL 10810, *1 (May 8, 1985). He also has not alleged that he did not receive service of the default judgment. We, therefore, conclude that his appeal from the default judgment entry must be dismissed as untimely. App.R. 4(A).

{¶7} In his notice of appeal, Mr. Mitchell indicated that he was also appealing from the municipal court's denial of his motion to set aside judgment. In his appellate brief, however, Mr. Mitchell does not contend that the trial court's decision on his motion to set aside was incorrect, let alone develop an argument in support of that contention. Under Appellate Rule 16(A)(7), the brief of an appellant shall include "[a]n argument containing the contentions of the appellant * * * and the reasons in support of the contentions * * *." This Court has explained that, if an appellant fails to develop an argument in support of his assignment of error, "we will not create one for him." *State v. Harmon*, 9th Dist. Summit No. 26426, 2013-Ohio-2319, ¶ 6, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out."). Accordingly, we have no choice but to uphold the municipal court's denial of his motion to set aside the default judgment entry.

III.

{¶8} Mr. Mitchell's assignment of error is overruled. His appeal from the Medina municipal court's judgment entering a default judgment for Mr. Bonk is dismissed. The Medina municipal court judgment entry denying his motion to set aside the default judgment is affirmed.

Appeal dismissed in part
and judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
DISSENTING.

{¶9}    I respectfully dissent.  This Court has repeatedly held that we are obligated to sua sponte raise issues concerning our jurisdiction.  *See, e.g., Children's Hosp. v. Paluch*, 9th Dist. Summit No. 26189, 2012-Ohio-4137, ¶ 7, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972).  Inherent in that obligation would also be the obligation to correctly decide whether we have jurisdiction.  We would never decline to dismiss an appeal merely because appellee had not argued that we lacked jurisdiction, and I see no reason why the opposite should be true.  Thus, I believe it is inappropriate to dismiss an appeal as untimely merely because the appellant did not file a reply brief responding to the appellee's suggestion that the appeal was untimely.

{¶10}  The municipal court entered judgment on June 24, 2011, and Mr. Mitchell did not appeal that decision until July 18, 2012.  Thus, it would appear that the appeal was filed outside the 30 days provided by App.R. 4(A).  However, "App.R. 4(A) * * * contains a tolling provision that applies in civil matters when a judgment has not been properly served on a party according to Civ.R. 58(B)." *In re Anderson*, 92 Ohio St.3d 63, 67 (2001).

> Civ.R. 58(B) requires the court to endorse on its judgment a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal.  The clerk must then serve the parties within three days of entering judgment upon the journal.  The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B).

(Internal quotations and citations omitted.)  *Id.*

{¶11}  The trial court did not make the required Civ.R. 58(B) endorsement on the judgment entry, and nothing in the record indicates that the clerk served Mr. Mitchell.  Thus, the

time for the appeal was tolled, and, therefore, Mr. Mitchell's appeal is timely. *See Paluch*, 2012-Ohio-4137, at ¶ 10. Accordingly, I would conclude that this Court has jurisdiction over Mr. Mitchell's appeal from the June 24, 2011 judgment entry and would address his appeal on the merits.

APPEARANCES:

TERENCE E. COPELAND, Attorney at Law, for Appellant.

BRENT L. ENGLISH, Attorney at Law, for Appellee.

GRANT D. RELIC, Attorney at Law, for Appellee.